## POOLE *v.* JONES.*

(Division B. Nov. 24, 1924.)

[101 So. 786. No. 24407.]

1. STATUTORY PROVISIONS.

Under section 301, Hemingway's Code, section 544, Code of 1906, providing for the removal of disability of minority, the application shall be made in writing by the minor by next friend.

2. INFANTS. *Petition for removal of disability of minority held sufficient.*

Where a petition is properly styled, and after stating the residence, age, etc., of the minor, then states that she (the minor) "brings this suit by T. H. Godsey, her stepfather and next friend," this is equivalent to stating that every allegation contained in the petition is made by the minor by her next friend, and is a compliance with the statute.

*Headnotes 1. Infants, 31 C. J., section 43; 2. Infants, 31 C. J., section 43.

APPEAL from chancery court of Quitman county.

HON. C. L. LOMAX, Chancellor.

Suit by Mrs. Bertha Hibbler Poole, by her next friend, James H. Poole, against A. M. Jones. From an order sustaining a demurrer and dismissing the bill, plaintiff appeals. Affirmed.

*Maynard, FitzGerald & Venable,* for appellant.

Section 301 of Hemingway's Code must be strictly construed. The bill, also, states that the said petition to remove the disabilities of minority of appellant was not a petition of said minor by her next friend, but was in fact a petition by the said minor. It cannot be questioned, as it is settled law in our state that a minor cannot admit any of the facts alleged in a suit nor consent to a decree. *Roberts* v. *Barry,* 42 Miss. 255; *Ingersoll* v. *Ingersoll,* 42 Miss. 155; *Winston* v. *McLendon,* 43 Miss. 254; *Marks* v. *McElroy,* 67 Miss. 545.

Our court stated in *Jackson* v, *Jackson,* 105 Miss.
874, that section 543 of the Code of 1906, confers upon
the chancery court of the county of the minor's resi-
dence, jurisdiction to remove his disabilities of minority;
that section 544 provides: "the application therefor shall
be made in writing by the minor by his next friend." In
the Jackson case, the petition was filed by the minor
for himself and by his next kin, to-wit: his mother and
father. The court held it was a nullity because the pe-
tition should have been filed by the minor by his next
friend.

We also contend that the petition asking for removal
of the disabilities of minority of Bertha Hibbler, appel-
lant, could not have been legally heard at the October
term, 1917, of the chancery court of Quitman county be-
cause the petition prayed that process be issued return-
able to the next regular term, to-wit: the March term,
1918. *Lake* v. *Perry,* 95 Miss. 566.

By the act of the court in permitting this case to be
tried at the October term, 1917, she did not get the bene-
fit of the advice of any other relative or friend for the
reason that the petition itself prayed process to be re-
turned at the next regular term of the court, which was
March, 1918, and "any other relative or friend" was
advised by the petition itself that the case would not be
heard until the March term, 1918. *Hardy* v. *Pepper,* 128
Miss. 38.

A judgment is erroneous which is taken at a term of
the court where it appears that the process was not
served until the beginning of that term. *Roberson* v.
*State,* 87 Miss. 286.

Section 300 of Hemingway's Code, provides that the
chancery court of a county in which a minor resides may
remove the disabilities of his minority. Our court has
held that, even thought the minor gets the benefit of the
money derived from the sale of her property after her
disabilities were removed, where the decre is void, that

the minor cannot be required to pay the money back before she can get relief.

*Mack & Manship,* for appellee.

We have no issue to be raised with the appellant on the cases cited in his brief, but we fail to find any of the cases cited by appellant that in any way upholds his contention. A careful review of the proceedings in the petition for the removal of the disabilities of minority of the complainant shows that the proceedings were in every way regular and shows that the court had full jurisdiction over the parties to the suit and over the subject-matter and after a careful examination of the facts rendered a perfectly legal and binding decree and one that was very sensible and expedient under the circumstances as disclosed by the recitals of the decree.

We understand thoroughly that a minor cannot waive anything, but we do not understand that merely because a minor is complainant in a suit that the defendant is precluded from waiving service and entering appearance in the cause. It is common practice for defendants to waive service and enter appearance. The only point that is made by appellant is that a relative or friend might have desired to have contested the petition and that they would have been misled by the fact that the prayer of the petition is that the defendant be summoned to appear at the next term of the chancery court and since the bill was filed on the first day of the October Term, that this meant that the case would not be tried until the March Term following. Our answer to this is that the statute requires that the parents be made defendants and where either of the parents are living it is not necessary that any other relative or friend be made defendant. The statute merely gives the other relatives or friends the right to appear and defend the suit if they so desire, but it is evident that the legislature did not deem the

presence of any other relative or friend necessary or vital in any way as it did not provide that they be made defendant or be given any notice of any kind.

We are unable to see any force in the contention of the appellant that this cause had to go over until the March Term. An examination of the statutes in reference to the removal of disabilities of minority shows that no return term is contemplated in such proceedings; in fact section 263, Hemingway's Code, (sec. 507, Code of 1906), the chancellors of the several districts are authorized and empowered to do in vacation all things and to exercise all powers that could be done by them at term time in reference to the matter of the removal of disabilities of minority. Section 301, Hemingway's Code, and section 544, Code of 1906.

We do not in anywise concede that it was irregular or erroneous for the court to have tried the cause at the October Term, 1917, but even if it was an error it was merely an irregularity and did not render the decree invalid or subject to an attack such as the appellant here attempts to make. *Sweatman* v. *Dean* (Miss.), 38 So. 231; *Kelley* v. *Harrison* (Miss.), 12 So. 261. With reference to a collateral attack on judgments and decrees we desire to call the court's attention to the case of *Boykin* v. *Collins* (Ala.), 37 So. 248.

*Morton* v. *Carroll*, 9 So. 896, held: First, that on the sale of the minor's land by guardian and the guardian's deed did not show the minor heirs were ever served with summons, was immaterial. Second, that where in such cases the statute required the guardian before making a sale to give an additional bond and the decree of the court did not require such bond, the guardian's deed was valid, although it did not show that the bond was given. Third, where the decree of sale is valid and has been confirmed, alleged errors in procedure cannot be litigated in ejectment against one claiming under the guardian's deed. *Laughbridge & Bogan* v. *Bowland*, 52 Miss. 540.

It is the chancery court of the county in which the minor resides that has jurisdiction. The fact that her mother contemplated moving to Oklahoma would not strip the chancery court of the county in which the minor resided of jurisdiction. Nor would any intention or probability of the minor later moving from the county render the court without jurisdiction. A person will certainly remain a resident of the county even after they have formed an intention of moving at some later date.

SYKES, P. J., delivered the opinion of the court.

The bill of complaint of Mrs. Poole by next friend seeks to have annulled the decree of the chancery court rendered in 1917, under which decree the disabilities of minority of Mrs. Poole were removed and she was authorized to execute a deed to her interest in a forty-acre tract of land to the appellee. The bill alleges that this decree was void, first, because the petition was not properly brought under section 301, Hemingway's Code, section 544, Code of 1906; and, second, that the decree was rendered at the October term, 1917, of the chancery court, when it should not have been rendered until the succeeding term of court. Attached to the bill as exhibits are all of the papers together with the decree in the 1917 cause. The material parts of the petition for the removal of the disability of minority, necessary to be stated here, are:

First, the style of the cause is *Bertha Hibbler, by Next Friend, T. H. Godsey,* v. *Anna Godsey.* "Complainant Bertha Hibbler would respectfully represent and show to the court the following facts: That she is a resident citizen of Quitman county, making her home with her mother, Mrs. Anna Godsey, and that she is a minor, age fifteen years, and brings this suit by T. H. Godsey, her stepfather and next friend."

Second. "That her father had been dead for many

years, and that her mother is named Mrs. Anna Godsey, and she resides in Quitman county, Miss.''

Then follows a description of the land owned by the appellant and her mother and the other necessary allegations in accordance with the statutes above referred to.

The bill was sworn to by Bertha Hibbler and T. H. Godsey on September 25, 1917, and filed with the chancery clerk on October 1st. On the same day Mrs. Anna Godsey, the defendant, signed a written waiver of service of process and agreed to appear at the chancery court at the October term, 1917, to make any objections that she might see proper to the granting of the prayer of the bill. This waiver was also filed on October 1, 1917.

The decree was rendered on October 2d and recites all of the necessary facts giving the court jurisdiction, and is in every way regular. The appellee Jones demurred to the bill, the demurrer was sustained and the bill dismissed, from which decree this appeal is here prosecuted.

It is contended that the petition to remove the disability of minority was in fact by the minor and not in accordance with section 301. This section states that the application therefore shall be made in writing by the minor by his next friend, etc. The petition in this case expressly states that she brings this suit by T. H. Godsey, her step-father and next friend. This allegation is a compliance with the statute and means that every allegation of the petition is made by the minor by her next friend. The minor by next friend and her mother appeared at the October term of the chancery court, and testimony was heard by the chancellor in the cause.

Under section 263, Hemingway's Code, section 507, Code of 1906, the chancellor was authorized to have heard this cause in vacation. He had jurisdiction of the parties and jurisdiction of the subject-matter and under the

law the right to hear the case at any time agreeable to him and the parties.

After a careful consideration of the record, we find that the removal of the disability of minority was entirely proper, and the court was correct in sustaining the demurrer to the bill in this cause.

*Affirmed.*