WILKERSON *v.* SWAYZE et al.*

(Division A.    June 6, 1927.    Suggestion of Error Overruled June 29, 1927.)

[113 So. 327.    No. 26544.]

1. INFANTS.   *Chancery court had jurisdiction to remove disabilities of minority of illegitimate minor, though petition alleged minor's father was dead.*

Chancery court had jurisdiction to remove disabilities of minority of illegitimate minor under petition alleging that father of minor was dead, since it is immaterial whether putative father

was living or dead; because mother, in event of illegitimacy, is only parent necessary as party defendant to proceeding to remove disabilities of minority and no fraud could be based on fact that petition alleged father was dead.

2. INFANTS. *Chancellor had jurisdiction to render decree removing disabilities of minority in vacation, where only living parent appeared and answered petition (Hemingway's Code, sections 263, 300, 301, 303, 304).*

Where, in proceeding for removal of disabilities of minority pursuant to Hemingway's Code, sections 300, 301, 303, 304 (Code 1906, sections 543, 544, 546, 547), the only living parent who was made defendant appeared and answered, thereby conferring jurisdiction on the court, chancellor had jurisdiction to render decree in vacation, under section 263 (section 507), notwithstanding it did not formerly appear in petition or answer that chancellor might hear case in vacation, since under the pleadings as presented he might have heard it either in return time or in vacation, as he saw proper.

3. INFANTS. *Petition for removal of disabilities of minority may be made returnable in vacation, but otherwise process must issue as in other suits (Hemingway's Code, section 301).*

A petition for removal of disabilities of minority may be made returnable in vacation, but, unless so done, clerk under Hemingway's Code, section 301 (Code 1906, section 544), must issue proper process as in other suits.

4. INFANTS. *Petition to remove disabilities of minority is not case in equity.*

A proceeding to remove disabilities of minority on petition of minor by next friend is not a case in equity.

5. INFANTS. *Fraud will not be presumed because illegitimate states in petition to remove disabilities of minority that father is dead.*

Fraud will not be presumed because an illegitimate minor states in her petition to remove disabilities of minority that father was dead, where, under the law, she had no father.

6. INFANTS. *Illegitimate "minor" held not debarred from right to present cause for removal of disabilities of minority (Hemingway's Code, sections 301, 1352).*

Illegitimate minor *held* not debarred from right to present cause for removal of disabilities of minority, under Hemingway's Code, section 301 (Code 1906, section 544), since term "minor" as used therein, when taken in connection with section 1352 (sec-

tion 1585), means any person, male or female, under twenty-one years of age.

*Corpus Juris-Cyc References: Infants, 31CJ, p. 986, n. 18, 19; p. 1009, n. 11, 15 New; p. 1010, n. 25, 40 New, 45 New, 48 New, 52 New.

APPEAL from chancery court of Yazoo county.

HON. V. J. STRICKER, Chancellor.

Suit by Lillian Wilkerson against D. A. Swayze and others. Decree of dismissal, and complainant appeals. Affirmed and judgment rendered.

*T. H. Campbell* and *Ruth Campbell,* for appellant.

I.    The agreed statement of facts shows that complainant was an illegitimate child of Lutie Perry and that the decree attempting to remove the disabilities of minority of complainant was rendered *in vacation.* The sole question decided by the chancellor was that the proceedings had for the removal of the disabilities of minority of complainant were valid. It is from the decree based on this opinion that this appeal is prosecuted.

The appellant attacks the decree removing her disabilities of minority on the ground that the decree attempting to remove such disabilities was rendered in vacation, and the chancellor was without jurisdiction to render the decree in vacation for the reason that the petition on which the decree was rendered was made returnable to *term time* and *was not triable* in vacation.

This court in *Wilson et al.* v. *McCorkle,* 99 So. 366, decided that a false averment of a necessary jurisdictional fact constitutes a constructive fraud that renders the decree based thereon void. A petition for the removal of disabilities of minority *may* be returnable in vacation, but unless it is made returnable in vacation, section 301, Hemingway's Code controls.

This is purely a statutory proceeding and the statute must be strictly complied with; and in our opinion the actual issuance of process was necessary because the

statute provides that "any relative or friend of the minor may appear and resist the application." However, the fatal and inherent defect in the proceedings attempting to remove the disabilities of complainant lies in the fact that the decree was rendered in vacation instead of term time.

The law is too well settled to cite authority to the effect that a judgment prematurely rendered is absolutely void. The court had no jurisdiction of the parties although he had jurisdiction of the subject-matter. In order to render a valid decree the law requires that the court must have jurisdiction of the parties as well as the subject-matter.

While the chancellor has jurisdiction to remove disabilities of minority in vacation, the cause must be made returnable in vacation or the parties must consent to the rendition of a decree in vacation. See *Newman Lbr. Co.* v. *Pace et al.* (Miss.), 102 So. 570; *Callicott* v. *Horn* (Miss.), 102 So. 850; *Lake* v. *Perry,* 95 Miss. 550; *Marks* v. *McElroy,* 67 Miss. 545 at 565; *Ex parte Stanfield,* 98 Miss. 219.

The facts in *Poole* v. *Jones,* 136 Miss. 645, are so different from the facts of the case at bar that a mere statement of these facts will convince the court that the Poole case decides nothing antagonistic to our position in this case and our contention, unless it be that "any relative or friend of the minor" is not a necessary party and need not have notice.

In the case at bar neither the petition nor the answer contemplated that it should be heard in vacation. It cannot be said, therefore, that the chancellor had jurisdiction of the defendant, L. M. Perry, at the time the decree was rendered. The decree was, therefore, a nullity and could not have life infused into it at the next term of court, or any succeeding term, because of the failure of the defendant to appear thereafter and object. See *Ex parte Stanfield,* 98 Miss. 219, which is decisive of the question.

The only power given by statute whereby the chancellor can remove disabilities of minority in vacation is section 263, Hemingway's Code. The petition for the removal of the disabilities was drawn under the code section above mentioned and prayed for process "as required by statute." On the petition, when filed, the clerk would have been required to issue process under section 2924, Hemingway's Code.

We grant that the defendant did admit the facts alleged in the petition to be true and we grant further that she stated in her waiver or answer that she joined in the petition and thought the relief should be granted, yet, we reply, the defendant did not consent that the relief prayed for should be granted any sooner than the time to which the petition made the process returnable, which was some five months later than the date of the decree rendered in vacation.

II. The procedure for the removal of disabilities of minority is purely a statutory proceeding and our statutes do not contemplate or provide for the removal of the disabilities of minority of an illegitimate. See section 301, Hemingway's Code.

*Wise & Bridgforth,* for appellees.

I. *No fraud involved in removal of appellant's disabilities of minority.* The appellant says that "The petition falsely and fraudulently alleges that the father of said Lillian W. Perry is dead, when in truth and in fact, said minor was illegitimate and had no father." But see Griffith, Mississippi Chancery Practice, section 341. Fraud is never presumed and must be pleaded with particularity. *Weir* v. *Jones,* 84 Miss. 602, 36 So. 533; *Equitable Life Ins. Co. of U. S.* v. *Weil,* 103 Miss. 186, 60 So. 133; Ann. Cas. 1915B 636.

The fact that an allegation is untrue does not even remotely show that it was fraudulently made—the false

statement must have been knowingly made with fraudulent intent, and the pleadings must so show. *Wilson* v. *McCorkle,* 135 Miss. 525, 99 So. 366.

II. *Process waived for removal of appellant's disabilities of minority.* If it be necessary that process be actually issued and that process be actually served, it is because the statute actually requires it and does so in such a manner that the parties cannot waive it. That such is not the case and that in the proceeding for removal of a minor's disabilities a parent may waive both the issuance and service of process has been decided by this court. *Poole* v. *Jones,* 136 Miss. 645, 101 So. 786.

It is elementary law that the filing of an answer by a defendant not served with process is a waiver of the issuance and service of process, and just as effectively so as any written statement. 4 C. J. 1335 and 1353; 2 R. C. L. 330, 335-337, inclusive. Any other rule would be repugnant to legal logic.

III. *The removal of appellant's disability of minority in vacation was valid.* The appellant in the removal of her disabilities of minority, by the proceedings outlined above, manifestly was proceeding under section 544, Code of 1906, brought forward as section 301, Hemingway's Code. As the proceedings were had in 1915, this section and the one just preceding (section 543, Code of 1906; section 300, Hemingway's Code) provided a complete scheme for the removal of disabilities in contradistinction to the *ex parte* proceedings provided by section 545, Code of 1906. This scheme of removal of an infant's disabilities of minority is, of course, purely statutory and is not a matter of inherent chancery jurisdiction; therefore, the statutory steps provided in the sections above cited must be complied with. *Lake* v. *Perry,* 95 Miss. 550, 49 So. 569. See *Marks* v. *McElroy,* 67 Miss. 545, 7 So. 408. This court has, however, passed

upon what constitutes a compliance with these various steps in most instances.

This court has held that these steps need not necessarily be actually performed according to strict, written word. Thus the application or petition must be filed; yet in applying the sister statute next following, section 545, Code of 1906, in *Eastman-Gardner Co.* v. *Leverett,* 141 Miss. 96, 106 So. 106, this court has approved the doctrine of virtual filing of such petitions, holding that when such petitions are acted on by the chancellor, prior filing will be presumed. This court has expressly said in *Poole* v. *Jones, supra,* where no process was ever issued or ever served that these steps may be waived by the defendants. This shows that a proceeding to remove an infant's disabilities of minority is not a magic rite or sacrosanct ritual.

The court sees that this statute does not govern the time of the hearing on such petitions; it does not say that the hearing shall be had "as in other suits." Since the statute presenting the procedural steps does not provide that the time or place for the hearing of applications or petitions therein provided for shall be as in other cases or suits, it would seem that where process is not waived, the hearing might be at any time, after service thereof is complete; and where waived, at any time thereafter agreeable to the chancellor and the parties, in view of the fact that the chancellor now has complete vacation powers in such matters. Section 546, Code of 1906 (section 303, Hemingway's Code).

That time of hearing may be waived by the defendant in matters of general chancery practice. is well accepted law. 10 Ency. of Pl. & Pr., 14 and 15. See, also, *Hart* v. *Bloomfield,* 66 Miss. 100, 5 So. 620. Sections 506 and 507, Code of 1906 (section 262 and 263, Hemingway's Code) would together justify the rendering of such a decree at any time in vacation. See Griffith's Miss. Ch. Pr., section 618, page 700.

The Poola case becomes authority directly in point, that in view of section 263, Hemingway's Code (section 507, Code of 1906) the removal of appellant's disabilities of minority was legal.

IV. *Removal of illegitimate minor's disabilities was legal.* The contention that the court under the statutes had no power to remove the disabilities of a minor who is an illegitimate, we think is plainly untenable. Section 1585, Code of 1906 (section 1352, Hemingway's Code), under chapter styled "Definitions and Rules," says: "The term 'minor,' when used in any statute, shall include any person, male or female, under twenty-one years of age." See, also, *Ray* v. *Kelly,* 82 Miss. 597, 35 So. 165. Surely an illegitimate is a person; and if so, the appellant is included as a minor whose disabilities may be removed, under the statutes, by which she was proceeding.

McGOWEN, J., delivered the opinion of the court.

The appellant, Lillian Wilkerson, complainant in the court below, exhibited her bill in the chancery court of Yazoo county, praying that she be declared to be the owner of a certain tract of about three hundred twenty-four acres of land, and that all claim of right, title, and interest in said land, asserted by the defendants, be held for naught, and that the deed from the trustee to Swayze, in so far as it affects complainant's interest, be canceled as a cloud upon complainant's title in and to said land; and also praying that the deed executed by complainant and her mother to D. A. Swayze be canceled, and that the mesne conveyances of said land, executed by Swayze and his subsequent grantee, be canceled as a cloud upon complainant's title, right of possession, etc.

Defendant filed a lengthy answer and pleas therein, one of which was to the effect that on January 30, 1915, the complainant, by her next friend, E. J. Johnston, Jr., filed a petition for the removal of her disabilities of minority in the chancery court of Yazoo county, Miss., and

making her mother, Lutie M. Perry, a defendant to said proceeding in cause No. 4396 of the general docket of Yazoo county, Miss., to which the mother and only living parent filed an answer, in effect, joining in the prayer of the petition, and upon which petition, on February 17, 1915, the chancellor, O. B. Taylor rendered a decree completely and wholly removing the complainant's disabilities of minority. A copy of the petition, answer of the parent, and the decree of the chancellor were made exhibits to the defendants' plea or answer. Defendants' answer or plea further set up that on October 16, 1916, subsequent to the removal of her disabilities of minority, the complainant and her mother conveyed the lands in controversy to the defendant Swayze, thereby vesting absolute title in the said Swayze. The general effect of the plea was, in substance, that the disabilities of minority had been removed, and at the time of the execution of the deed, subsequent to said removal of disabilities of minority, the complainant, Lillian Perry Wilkerson, was *sui juris,* and the title to the lands was effectually and legally conveyed by her, and this plea was in bar of her right to maintain her bill in equity.

The petition exhibited with the plea and answer showed that Lillian Perry (since married to Wilkerson) was a minor eighteen years of age, and would be nineteen on the 30th day of August, 1915; that she resided with her mother, Lutie M. Perry, at her home in that county; that her father was dead. It further set up that the minor was as fully capable, mentally and physically, of attending to her own business as if she were in fact twenty-one years of age; that she owned some property in the county; and that in dealing with same it was necessary for her to possess the privileges and powers of a person twenty-one years of age. This petition was filed by E. J. Jackson, as next friend, and the prayer was in the following language:

"The premises considered, your petitioner prays this honorable court to render a decree wholly removing the

disabilities of minority of the said Lillian W. Perry, and granting her all the rights and privileges of a person twenty-one years of age, and all such relief, either general or special, as may seem meet to a court of equity and good conscience. Your petitioner prays that said L. M. Perry be cited to appear and answer this petition, as required by statute. And in duty bound your petitioner will ever pray,'' etc.

And the petition was sworn to by the next friend, and was filed by the clerk of the court on January 30, 1915, in the following language:

"In the Chancery Court of Yazoo County, Mississippi.
    "*Lillian W. Perry* v. *L. M. Perry.*
          Answer.

"Now comes L. M. Perry, mother of said Lillian W. Perry, and defendant in the cause filed by said minor, by her next friend, E. J. Johnston, Jr., asking the removal of her disabilities of minority wholly and for answe1 says:

"That she has read the said petition, and that the matters and facts therein set forth are true as there stated, and that in her opinion said minor is entitled to and should have the relief therein prayed for, and that her disabilities of minority should be wholly removed.
                        "L. M. PERRY.

"Sworn to and subscribed to before me this the 29th day of January, 1915.

                        "S. S. GRIFFITH, Clerk,
              "By M. B. MONTGOMERY."

Thereupon the chancellor of that district at that time rendered the following decree:

"In the Chancery Court of Yazoo County, Mississippi.
    "*Lillian W. Perry* v. *L. M. Perry.* 4396.

"This cause coming on to be heard this day on petition on said minor, Lillian W. Perry, by her next friend, E. J. Johnston, Jr., answer of her mother, L. M. Perry, defendant in said petition, joining in the prayer of said minor and proof; and the court being fully advised in

the premises and being of the opinion that the relief
prayed for should be granted, it is ordered, adjudged,
and decreed that the disabilities of minority of the said
Lillian W. Perry be and the same are hereby wholly
and entirely removed, and that the said Lillian W. Perry
is hereby authorized to do and perform all acts and things
so ever as if she were twenty-one years of age, with full
power to sue and be sued, to contract and be contracted
with, to plead and be impleaded, and to do and perform
all things, as if she was in truth and in fact twenty-one
years of age.

"Ordered, adjudged, and decreed this the 17th day of
February, 1915."

When the instant case came on to be heard by the
chancellor, counsel entered into an agreement that the
court would hear the matter of this plea above referred
to, at that term of court, on its sufficiency in law. This
agreement was to the effect that the removal of complain-
ant's disabilities of minority was made in vacation, and
not in term time; that complainant was an illegitimate
child; that if this plea was held "to be bad," that the
other pleas contained in the answer should be separately
heard (1) on the sufficiency in law of each; and (2) as
to the matter of facts therein set up.

The court below held the plea above detailed to be
legally sufficient, and hence a bar to the right of com-
plainant to have any relief upon her bill, and finally dis-
missed the bill, and granted an appeal to this court, mak-
ing the written opinion filed by the chancellor a part of
the record. And the appeal is prosecuted here.

This suit here involves the title to the same land as
was involved in the suit of *Etta Gadsberry* v. *D. A.
Swayze et al.,* decided by this court on December 14, 1925,
and reported in 140 Miss. 726, 106 So. 442, in which case
it was held by this court that the illegitimate child of
Lutie M. Perry and complainant in the instant case took
the land in question to the exclusion of the heirs of the

testator, Sarah Caldwell, the latter's will being before
the court for construction.

The appellant here attacks the decree removing her
disabilities of minority on two grounds:

(1) The decree attempting to remove such disabil-
ities was rendered in vacation, and the chancellor was
without jurisdiction to render the decree in vacation,
for the reason that the petition on which the decree was
rendered was made returnable to term time, and was not
triable in vacation.

(2) The proceeding for the removal of disabilities of
minors is purely a statutory proceeding, and our statutes
do not contemplate or provide for the removal of the
disabilities of minority of an illegitimate.

Taking the grounds for reversal in their order, and as
presented by counsel for appellant, his first point of at-
tack is that the petition for removal of disabilities of
minority falsely and fraudulently allege that the father
of said minor, Lillian Wilkerson, is dead, when in truth
and in fact said minor is an illegitimate—that she had
no father—and cites the case of *Wilson* v. *McCorkle,* 135
Miss. 525, 99 So. 366, in which it is held that a false aver-
ment of a necessary jurisdictional fact constitutes con-
structive fraud, that renders the decree based thereon
void.

But the answer to this position is that, if she were an
illegitimate and that fact had appeared, then it would
have been immaterial whether, as a matter of fact, the
putative father were living or dead, because the mother
would, in that event, have been the only parent necessary
to be made a party defendant to the proceeding to re-
move her disabilities of minority, and no fraud, actual
or constructive, could be based upon the fact that she al-
leged in her petition that her father was dead. If he
never existed in law, then, so far as the proceeding was
concerned, it was as if he were dead, if the chancery court
had jurisdiction to remove the disabilities of minority
of the illegitimate minor.

Counsel's next position under this head is that the decree removing the disabilities were not authorized as a vacation proceeding, because the prayer of the petition is that L. M. Perry, the defendant, be cited to appear and answer the petition as required by statute.

A petition for removal of disabilities of minority may be made returnable in vacation, but unless so done, under section 301 of Hemingway's Code, "the clerk of the court shall issue the proper process, as in other suits, to make the proper parties defendant, which shall be executed and returned as in other cases; and any person so made a party, or any other relative or friend of the minor, may appear and resist the application."

Section 300, Hemingway's Code (section 543, (Code of 1906), authorizes the chancery court of a county in which a minor resides to remove the disability of his minority.

Section 301, Hemingway's Code (section 544, Code of 1906), is as follows:

"The application therefor shall be made in writing by the minor by his next friend, and it shall state the age of such minor and the names and place of residence of his parents, and, if he has no parent, the names and place of residence of two of his nearest kin within the third degree, computed according to the civil law, and the reasons on which the removal of the disability is sought; and, when such petition shall be filed, the clerk of the court shall issue the proper process, as in other suits, to make the proper parties defendant, which shall be executed and returned as in other cases; and any person so made a party, or any other relative or friend of the minor, may appear and resist the application."

Section 303, Hemingway's Code (section 546, Code of 1906), authorizes the trial court, when the proper persons have been made parties to the application, to examine it, and the objections to it, if any, and to hear testimony, given *viva voce* in open court, in reference there-

to, and make such decree thereon as may be for the best interest of the minor.

Section 304, Hemingway's Code (section 547, Code of 1906), provides that the decree may be for the partial removal of the disability of the minor, or it may be general, fully emancipating the minor from the disability of minority.

Section 263, Hemingway's Code (section 507, Code of 1906), conferring additional powers upon the chancellor in vacation, confers, among other things, the power to act in vacation in the matter of the removal of disabilities of minority. And the chancellors of the several districts of the state are authorized and empowered "to do in vacation all things, and to exercise all the powers in such matters that could be done by them in term time."

Counsel strenuously urges upon this court the fact that other relatives or friends of the minor may appear in court and resist the petition, if they so desire, and bases his reason for attack mainly upon the proposition that by the procedure here the friend or relative had no chance to resist the application, if he so desired.

The answer is that, in order to confer jurisdiction, certain relatives named in the statute, in certain alternatives, must be made parties to the proceeding. As named in the statute, they are necessary to confer jurisdiction. When parties of the class are named in a petition complying with the statute, then the court has full and complete jurisdiction of the parties and of the subject-matter, but their relatives and friends are not necessary parties, nor are they entitled to notice of the proceedings, although if they desire to intervene it is proper for the court to hear their objection, if, forsooth, some designing parent is trying to impose upon the court or upon the minor complainant. While such relatives and friends are proper parties to intervene, the fact that they are proper parties does not make them necessary parties in order for the court to acquire full jurisdiction.

To read into the statute the construction contended for by counsel for the appellant would make it impossible of enforcement, because no minor desiring the disabilities of minority removed could anticipate what friend or relative would desire to thwart the purpose of the petition.

Counsel also insists that the fact that the petition prayed that L. M. Perry be cited to appear and answer this petition, as required by statute, was tantamount to making the cause returnable to the next term of the chancery court; and, because her answer does not in express language waive the issuance and service of process, and does not consent that the cause shall be tried in vacation, that, therefore, the court was without power to act in vacation and could only hear the petition at the next regular term of the chancery court, which would have been several months later, and cites *Newman Lumber Co.* v. *Pace,* 137 Miss. 504, 102 So. 570, in which case it was held that a cause must be made returnable in vacation, or the parties must consent to a hearing in vacation, in order to confer jurisdiction on the court. The case cited is an equity case, and not a petition for removal of disability of minority, and the statute expressly confers upon the chancellor full power to hear this class of cases in vacation.

So far as this record shows, Mrs. L. M. Perry was the mother and only living parent of the child. She was, then, if that be true, the only necessary party defendant in the cause. Presumably she was *sui juris* and knew her own mind, and when she appeared in court and filed her answer she thereby conferred the power upon the chancellor to hear the cause at a date agreeable to him and to the parties, in vacation. A proceeding to remove disability of minority, upon petition of the minor by next friend, is not a case in equity. When the power was first conferred upon the chancery court to hear this class of cases, the power was only to be exercised by the court in term time, and first appeared in chapter 59 of the Code

of 1880; the power to remove disabilities of minority in vacation was first conferred on the chancellors by chapter 92, Laws of 1900.

It is too well settled in law to need citation of authorities that a defendant who is *sui juris* may appear and waive the issuance and service of process, file answer, and confer jurisdiction upon the court. This was done in this case. Not only that, but the one person in all the world who had the most interest, presumably, in this minor and her welfare, the mother of the child, having appeared, thereby conferred jurisdiction upon the court, and it was as though process had been issued and served to a term of the court or to a day named in the process, and the chancellor having jurisdiction of the petitioner and of the only parent by virtue of the allegations in the petition and in the answer, then had the right to fix a date for the hearing of the cause either in term time or in vacation, and the chancellor had the right to hear the case at a time in vacation fixed by him to suit himself and the parties thereto. The answer of the defendant in this cause was a general, sweeping one. Her appearance in the court was a waiver of the issuance and service of process; and the recitation in the decree that the chancellor heard proof and was fully advised is amply sufficient, in our opinion, to vest the chancellor with complete jurisdiction; and we do not think there is any merit in the contention that the decree is void either because of the allegation that the father was dead was a fraud— as no explanation is made how fraud could arise on that allegation—nor because it did not formally appear in the petition and answer that the chancellor might hear it in vacation. The chancellor might have heard it in term time or in vacation as he saw proper, under the circumstances and the pleadings as presented to him. She effectively conferred jurisdiction by admitting the facts, which was tantamount to her consenting in writing and presenting to the court an agreement that the court might proceed to grant the relief prayed for in the petition, and

the chancellor was authorized to render decree at any time thereafter, either in vacation or term time. When she, the mother, filed her answer herein, she appeared in court presumably knowing that the chancellor was authorized to determine the matter either in term time or in vacation.

We think this case is controlled by the case of *Poole* v. *Jones,* 136 Miss. 645, 101 So. 786, in which case SYKES, J., speaking for the court, said:

"It is contended that the petition to remove the disability of minority was in fact by the minor, and not in accordance with section 301. This section states that the application therefore shall be made in writing by the minor by his next friend, etc. The petition in this case expressly states that she brings this suit by T. H. Godsey, her stepfather and next friend. This allegation is a compliance with the statute and means that every allegation of the petition is made by the minor by her next friend. The minor by next friend and her mother appeared at the October term, of the chancery court, and testimony was heard by the chancellor in the cause.

"Under section 263, Hemingway's Code (section 507, Code of 1906), the chancellor was authorized to have heard this cause in vacation. He had jurisdiction of the parties and jurisdiction of the subject-matter and under the law the right to hear the case at any time agreeable to him and the parties.

"After a careful consideration of the record, we find that the removal of the disability of minority was entirely proper, and the court was correct in sustaining the demurrer to the bill in this cause."

It was contended in the case, *supra,* that the cause could not be legally heard at the October term, 1917, of the chancery court of Quitman county, because the petition prayed for process to be issued returnable to the next regular term, which would have been six months later. And it was contended in that case that the minor could not have the benefit of the advice of another relative or

friend, because the petition prayed for process to be re- turned to the next regular term of court, which was March, 1918, and that such relative or friend was ad- vised by the petition that the cause would not be heard un- til the March term, 1918. The fact that the petition was filed on October 1, 1917, and on the same day Mrs. Godsey signed a waiver of process and agreed to appear at the October term, and the decree was rendered the next day did not operate to delay the cause. And, so far as the general rule as to process and return is concerned, it was as though that case had been heard in vacation. We are of opinion that fraud will not be presumed because the illegitimate states in her petition for disabilities of mi- nority that her father is dead, when, under the law, she had no father; nor do we think the fact that a parent joined by a written answer in the prayer of the petition operated to delay the hearing of the cause to a term of court, but upon the filing of the answer jurisdiction was conferred upon the court to hear the cause at a time con- venient to him and suitable to the parties; and that the mother by her answer waived the issuance of service of process, and the court was empowered to proceed in va- cation to render such decree therein when and as it deemed proper. By her answer, Lutie M. Perry waived the issuance and service of process, and conferred juris- diction upon the court to dispose of the matter in vaca- tion.

2. Did the fact that the minor was an illegitimate debar her from the right to present her cause for the re- moval of disabilities of minority to the court?

Counsel contends that, under section 301, reference is made to the parents of a legitimate child, and concedes that an illegitimate child, under our statute, has a law- ful mother, but no lawful father. In other words, he con- tends that the statute refers to the parents of a legitimate child. It seems to us that the staute is very clear that section 301 confers jurisdiction on the court, if the pe- titioner has a parent, by the use of the following lan-

guage: "And, if he *has no parent* (italics ours), the names and places of residence of two of his nearest kin," etc., which indicates that if there is a parent, such parent is a proper necessary party to the proceeding. And we are not concerned here with what would be the attitude of the minor, if both parents were dead, as to what relatives would be brought into court. Such a case is not before us.

Section 543, Code of 1906 (section 300, Hemingway's Code), says: "The court of a county in which a minor resides," using the broad expression of *minor*. Complainant was a minor; that is agreed and pleaded in this cause; and the word "minor" is used in the sections relating to the removal of disabilities of minority. In neither of these sections is there any effort to limit or restrict the ordinary meaning of the word "minor;" and, taken in connection with section 1585 of the Code of 1906 (Hemingway's Code, section 1352), we have a fair definition, which is as follows:

"The term 'minor,' when used in any statute, shall include any person, male or female, under twenty-one years of age."

Complainant was a person, and, although she was *nullius filius,* we cannot say that because of that fact she is nonexistent, and not entitled to the benefits of a statute plainly intended for all minors, whether illegitimate or not. If there be both parents, father and mother, they must be made parties to the proceeding; but if there be only one parent of which the law can take cognizance, then, when that party is brought into court, or comes into court voluntarily, and by her answer waives the issuance and service of process, the court has jurisdiction of the person and of the subject-matter as though the father were dead.

We think the decree removing the disabilities of the minority in this cause is valid and binding upon the com-

plainant, and, under the agreement filed in the court below, this plea effectually bars the right of recovery on behalf of the complainant in this cause.

*Affirmed, and decree here for appellee.*