DYER *v.* RUSSELL et al.

In Banc. Dec. 31, 1948.

(38 So. (2d) 104)

**Bridgeforth & Love,** for appellant.

722

**Butler & Snow,** amici curiae.

728

Louis J. Wise, for appellees.

**Griffith, C. J.**

The question in this case is whether the decree, hereinafter quoted, purporting to remove the disabilities of minority of Frank Russell, then a minor, was, and is, a valid decree, appellees contending that, for the reasons later to be mentioned, it was void.

Under a long line of decisions in this State, it has uniformly been held that the chancery court, in a proceeding to remove the disabilities of minority, acts as a court of special and limited jurisdiction, and that all the jurisdictional facts must appear of record. Appellees contend that the only record to which resort may be had for the jurisdictional facts is the decree itself, while appellants insist that the petition, together with the decree, may be consulted for a disclosure of the jurisdictional facts. The petition and decree now before us, omitting captions and other formal parts and signatures, and the affidavit verifying the petition are, as follows:

"Now comes Frank Russell, minor, by D. R. Russell, father and next friend of said minor, and would respectfully show unto the Court as follows, to-wit:

"That said Frank Russell, minor now lives in Yazoo County, Mississippi, on Ridge Road, Yazoo City, Mississippi; that said minor lives with his father, D. R. Russell; that Mrs. D. R. Russell, mother of said minor is now deceased.

"Petitioner would further show that said Frank Russell, minor, was born in Yazoo County, Mississippi, on May 31, 1921; that said minor will reach his majority on May 31, 1942; that said minor is of average or normal intelligence and desires that his disabilities of minority be removed generally in order that he may enter into contracts, engage in any business, sue or be sued and do

any other thing that may be legally done by a person who is over the age of twenty-one years; that it is expedient that the disabilities of minority of said Frank Russell be removed in order that he may seek and obtain employment and enter into valid and binding agreements therefor.

"Premises considered, petitioner prays that this Honorable Court will render a decree removing the disabilities of minority of said Frank Russell generally so that he may do any thing that may be legally done by a person over the age of twenty-one years.

"And as in duty bound, petitioner will ever pray, etc."

"This cause coming on to be heard this day on petition of Frank Russell, Minor, by D. R. Russell, father and only parent living and next friend of said Frank Russell, praying that the disabilities of minority of said Frank Russell be removed generally and the Court being fully advised in the premises, having heard evidence in said matter, doth find that the disabilities of minority of said Frank Russell should be removed generally, it is, therefore, ordered, adjudged and decreed that the disabilities of minority of Frank Russell be, and they are hereby removed generally, wholly and completely removing any and all disabilities of minority and rendering said Frank Russell legally twenty-ones years of age.

"Ordered, adjudged and decreed this 23rd day of March, 1942."

It will be observed that the decree omits the recital that the minor is a resident of the county wherein the proceedings were had, and that it does not state that the father and next friend is an adult, but both these facts are averred in the petition. It is true that the petition does not state, in so many words, that the father and next friend is an adult, but it states that the minor is twenty years of age, from which it follows as a matter of course that the father is, and was, more than twenty-one years of age.

The quoted petition complies in every respect with Secs. 353-357, Code 1930, as amended by Chap. 236, Laws 1940, Secs. 1264-1268, Code 1942, and if and when taken together with the petition, the decree is made entirely valid. That this is to be done was expressly decided, as we think, in Eastman-Gardner Company v. Leverett, 141 Miss. 96, 106 So. 106. In that case, although the petition was adequate, the decree failed to recite the residence of the minor; neither did it recite the relationship of any of the parties to the proceeding, as may be seen from the decree as copied on pages 106, 107 of 141 Miss., on page 108 of 106 So. Appellees in that case specifically relied on these omissions in the decree as making it invalid. In their brief, as seen on page 99 of 141 Miss., they said: "The decree shows none of the jurisdictional facts. The decree does not show the age, residence or relationship of any of the parties. This, we submit, is fatal to the validity of the decree," citing cases. The Court responded, 141 Miss. pages 109, 110, 106 So. page 109: "After a careful consideration of the question, we are unable to see wherein there was a failure to comply with the statute with reference to the petition and decree, which are records in the case to be considered together," and the decree was held valid.

In Wilkerson v. Swayze, 147 Miss. 141, 113 So. 327, the decree, which is quoted in full on pages 150, 151 of 147 Miss., on page 328 of 113 So., omits any recital of the residence of the minor, and if taken alone would be deficient in other respects, but the petition contained all the necessary jurisdictional facts, and the decree was upheld as valid, the opinion citing Poole v. Jones, 136 Miss. 645, 101 So. 786, as controlling. The decree is not quoted in the report of the Poole case, but we have examined the original record on file with the Clerk and the decree there fails to recite the residence of the minor, although shown in the petition, and the Court upheld the decree.

In Dulion v. Folkes, 153 Miss. 91, 120 So. 437, strongly relied on by appellees here, neither the petition nor the

decree showed that the minor was a resident of the county, and the Court said on page 126 of 153 Miss., on page 440 of 120 So. that "the petition and the record of the proceedings must show that the court had the power to exercise the special and limited jurisdiction conferred by the statute," and 153 Miss. on page 127, 130 So. on page 441, the Court said: "The allegations of the petition must of necessity be the basis of the jurisdiction of the chancery court to act in any such case," and at several places in the opinion the Court says that "the record of the proceedings" must show that the court had jurisdiction; and it requires no citation of authority to the effect that the petition on which a judicial court acts in any case is a part of the record of that proceeding.

The trouble in this case seems to have been brought about by a remark made by the Court in Howard v. McMurchy, 175 Miss. 328, 334, 166 So. 917, 918, as follows: "If the allegations in this petition that Mattie Parker Howard resided in Bolivar county may be looked to in support of the decree, as to which we express no opinion, parol evidence is admissible to show that the allegations were not true." But, no mention was made of Eastman-Gardner Company v. Leverett, supra, and no reference to that case is found in the briefs in Howard v. McMurchy, nor any reference to any of the cases to which we have heretofore called attention, in which it was held that the petition may be looked to in support of the decree. These cases are not overruled or even qualified by what was said in Howard v. McMurchy, and we decline now to overrule them, and on their authority the decree herein removing the disabilities of minority must be held to be valid.

Appellant has presented an interesting argument to the effect that under subsection (f), Sec. 159, Constitution of 1890, the chancery court has full or general jurisdiction of proceedings to remove disabilities of minority because under Secs. 1838-1842, Code 1880, the chancery court was invested with jurisdiction of cases

for the removal of disabilities of minority when the Constitution of 1890 became effective in November of that year, the cited section and sub-section of the Constitution reading as follows: "The chancery court shall have full jurisdiction in the following matters and cases, viz.: . . . (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation."

Appellant argues that when full jurisdiction is granted, nothing is reserved—and it has been so held in two of our cases—and that since nothing is reserved, the jurisdiction is general, bringing into operation the rule that when a court of general jurisdiction has acted, its jurisdiction will be presumed unless and until the contrary appears from the record. And to meet the obvious obstacle that this Court, for all the years since the Constitution of 1890, has been holding that as to proceedings to remove the disabilities of minority the chancery court acts as a court of special and limited jurisdiction, appellant says the point has never heretofore been raised and presented to the Court.

We do not pass on the stated contention and mention it only that it may not be supposed that we considered it trivial or wholly without merit. We pretermit it under the rule that questions regarding the interpretation and application of important constitutional provisions will not be entered upon if another decisive question will dispose of the case.

Appellant has urged that he should have a final decree here. We think that there are features of detail in this case which would make it better that the final decree shall be worked out and entered by the chancery court, in conformity to the foregoing opinion, which will be made a part of our mandate.

Reversed and remanded.

**Montgomery, J.,** took no part.