HENRY EVANS AND R. A. BLACKBURN *v.* H. W. HOYE ET AL.

[57. South. 805.]

1. CHANCERY COURT. *Injunction. Estoppel. Accounting. Improvements.*

.Where questions of estoppel, matters of accounting and claims for improvements are involved, the chancery court is the proper . forum in which to litigate them.

2. TEMPORARY INJUNCTION. *Motion to dissolve. Final hearing.*

A temporary injunction should not be dissolved on motion, but retained for final hearing on full proof where such a course is necessary to do complete justice between the parties.

APPEAL from the chancery court of Newton county. HON. SAM WHITMAN, JR., Chancellor.

Suit by Henry Evans et al. against H. W. Hoye et al. From a decree dissolving a temporary injunction and dismissing the bill, complainants appeal.

The appellants, Evans and Blackburn, filed a bill in the chancery court, alleging that Evans had entered into a parol agreement with appellee, Hoye, by which it was agreed that Hoye should convey to Evans a certain tract of land for the sum of eight hundred dollars, to be paid within three years; that immediately Evans began to make improvements upon the place, and had expended the sum of seven hundred and forty dollars thereon, which money was expended in good faith; that at the end of the third year—that is, in 1909—Evans demanded of Hoye a deed to the place, which was declined. The bill averred that Evans had bought supplies from Hoye during the years 1907, 1908, and 1909, but had never been able to get a settlement of his account; that, not being able to get the deed to the property when demanded, he had entered into a written contract with Hoye on December 16, 1909, whereby it was agreed that he should pay Hoye one hundred dollars rent for the year 1910, and upon the payment of the further sum of one thousand dollars Hoye was to deed him the place; that in the fall of 1910 Evans paid Hoye one hundred dollars rent and all of the account for supplies for the year 1910, and took his receipt therefor; that thereupon Hoye advised Evans that he held a deed of trust against him for two hundred and ninety-three dollars, secured by certain live stock and agricultural products, in which deed of trust one Powe was trustee. Evans denied that he had executed any such instrument, and that he owed Hoye anything. The bill further alleged that Evans had become indebted to R. D. Cooper for the sum of one hundred dollars, and had secured same by deed of trust on two bales of cotton from the first gathered and marketed in the year 1910; that, however, the first two bales of cotton were sold and the proceeds applied to the

payment of one hundred dollars rent to Hoye, and the next two bales of cotton were sold and the proceeds applied to the payment of the supply account for 1910; that the fifth and sixth bales of cotton were sold and delivered to R. A. Blackburn (also complainant in this suit) in settlement of the Cooper note, which had been assigned to Blackburn; that thereafter the trustee, Powe, seized these last-mentioned bales of cotton by virtue of a writ of replevin, claiming the right to this cotton because of the deed of trust alleged to have been given by Evans to Hoye, which deed of trust was dated subsequent to the date of the filing of the Cooper deed of trust. The bill further alleged that the deed of trust held by Hoye was not executed *bona fide*, but, if it did exist, was obtained by fraud. The bill denies any indebtedness, and prays that an injunction issue to prevent the trustee and the justice of the peace before whom the replevin suit had been brought from proceeding further, and prays for an accounting with said Hoye, and for judgment against him for the improvements. Upon this bill a preliminary injunction was granted.

The appellee answered, denying most of the averments of the bill, and made his answer a cross-bill. Affidavits were taken by each party, and on motion of the appelllee the chancellor dissolved the injunction, denied the appellants relief, dismissed the bill, and granted an appeal to the supreme court. In support of the motion to dissolve, the defendants set up three causes: (1) Because the bill of comlpaint shows on its face that complainant is not entitled to the relief prayed for, there being no equity in the bill. (2) Because the bill seeks to enjoin proceedings in a court of law pending before a justice of the peace for cotton alleged to be the property of Blackburn by virtue of a deed of trust executed by Evans in favor of Cooper on the first two bales of cotton raised by Evans in the year 1910, while the bill shows on its face that the cotton in controversy was not

the first two bales. (3) Because the bill shows that Evans was a tenant of Hoye during 1910, and Hoye had a prior lien upon all products grown on the premises during said year and for supplies furnished by said Hoye.

*R. D. Cooper,* for appellants.

The motion of appellees to dissolve the injunction states first that the bill has no equity and that appellants are not entitled to any relief. To this we will answer, that the bill charges that the execution of the deed of trust to Hoye was not of his making, and that if obtained at all, from Evans it was through frand and deceit. Prays for the cancellation of same; denies owing Hoye anything at all. Prays for an accounting between the two. Prays for the improvements on the land described in the bill. Avers that Hoye has no lien on this cotton by virtue of the alleged deed of trust or as landlord. That the Cooper deed of trust is prior in date and of filing to that of Hoye's. Prays for an injunction and for general relief, etc. There are several grounds for equitable relief. Section 160 of the state constitution gives the chancery court jurisdiction and also 161. "Mutual accounts" followed by section 556, Code 1906, on mutual accounts. Section 609, Code 1906 gives authority to the chancery court to stay proceedings in a court of law. Certainly the chancery court has jurisdiction of the subject-matter.

It was stated by the chancellor that the charge of "obtaining of the deed of trust was through fraud and deceit, if obtained at all," is not full enough, that the fraud and deceit should be more elaborate. To this I think the charge that Evans did not execute the deed of trust, and if obtained at all it was through fraud and deceit, is full enough. It would be fraud on me to obtain my signature to an instrument of writing without my consent or knowledge and that is what was meant

by the expression in the bill. It really charges a for-
gery, but then in the alternative states that if obtained
at all it was through fraud and deceit. I do not know
how else to express it. If he was able to state specifically
how his signature was obtained, then it would no longer
be fraud, because he would have knowledge how it took
place. The bill being sworn to is equal to a plea of
*non est factum* in a court of law, and placing the bur-
den on appellee, Hoye, to show its genuineness. In an-
swer to the second ground in appellee's motion; it states
that appellants are undertaking to enjoin the proceed-
ings in the justice court and claiming the cotton in-
volved by virtue of a deed of trust executed by Evans
to R. D. Cooper, when the bill admits that these two bales
are not the two covered by the Cooper deed of trust,
etc.

The bill charges that the Cooper deed of trust is prior
in date and filing for record to the alleged deed of trust
of H. W. Hoye, but counsel for appellees hold that the
Cooper deed of trust does not hold these two bales of
cotton because they constitute the fifth and sixth bales
and the Cooper deed of trust calls for the first two bales
gathered and put on the market. But my contention is
that if some other person other than Hoye or some third
party claimed this cotton by virtue of a deed of trust
that there might be some merit in counsel's contention.

But the bill charges that Hoye got the first two bales
or the proceeds of the cotton, which Cooper held a deed
of trust against prior in date of filing for record. It
further charged that Hoye had been paid the one
hundred dollars rent for the use of the place for the
year 1910, and that the supply account with Hoye had
also been paid, and the exhibits to appellee, Hoye's an-
swer admits this fact. So Hoye having received the cot-
ton of Cooper and his rent note and the supply account
having been paid, he, Hoye, is not in a position to con-
tend for this cotton. He has neither a lien by virtue of

the deed of trust nor as landlord, for the supply bill has also been paid. Besides a court of equity will not permit Hoye to take that which does not belong to him, and hold that which might belong to him in a proper case. In other words, R. A. Blackburn has a right of action against Hoye for the first two bales of cotton, if Blackburn must turn this cotton involved over to Hoye. I think a court of equity estops Hoye from contending for this particular cotton, even admitting his deed of trust to be valid. The third ground in the motion is because the bill shows Evans to be a tenant of Hoye's and therefore Hoye, as landlord has a prior lien, etc. I admit that a landlord has a prior lien to all other liens for supplies furnished the tenant for the year in which the supplies were bought, providing the landlord has not been paid. If paid for the supplies, he has no longer a lien, because a debt must exist from the tenant to the landlord before a lien may attach. But in this case no debt is admitted to exist. Now this disposes of the motion to dissolve the injunction.

*W. I. Munn* and *J. R. Rowzee,* for appellee.

As we understand the law there is no equity on the face of the bill. The grounds set out in the motion to dissolve the injunction are as follows:

First. Because the bill of complaint shows on its face that the complainants are not entitled to the relief prayed for.

Second. Because the bill of complaint has no equity on its face.

Third. Because the bill shows that the complainants are not entitled to the relief prayed for and that they have an adequate remedy at law.

Fourth. Because the bill of complaint seeks to enforce a contract for the sale of land and is barred by the statute of frauds and in the same suit seeks to enjoin the suit before C. H. Doolittle, a justice of the peace. in a court of law.

We desire to call the court's attention to the case of *Favett Wilson et al.* v. *John W. Miller,* 143 Ala. 264, handed down by that court in November, 1904. The opinion in this case was rendered by Harrelson, chief justice. The court said, among other things, that it is familiar law "that a court of equity will not take jurisdiction where there is a clear, complete and adequate remedy at law. The mere intervention of fraud, no discovery or any special equitable relief being sought, will not authorize a court of chancery to grant relief, or entertain concurrent jurisdiction with the court of law, in cases cognizable at law." *Youngblood* v. *Youngblood,* 54 Ala. 486; *Peoples* v. *Burns,* 77 Ala. 292.

It is also true "that a court of equity is reluctant to interpose by injunction against an ejectment at law, founded on a legal title the plaintiff is fairly proceeding to establish. An equitable case, a case of purely equitable cognizance, must be made to appear, before the court will interpose to restrain the proceedings in the action." Kerr on Injunctions, 26; *Lehman* v. *Shook,* 69 Ala. 492. We think the law applicable to the cases now before the court is well expressed by Judge Tyson in his opinion on application for rehearing. This opinion by Judge Tyson is reported in the American and English Annotated Case, vol. 5, pages 727, 728, and 729, and among other things, he said: "A court of equity will restrain the collection of a judgment or the prosecution of a suit at law where there is satisfactory proof of accident, mistake, or fraud, but a due regard for the rights of co-ordinate judicial tribunals, a proper respect for their records and proceedings, and for the protection and security of persons interested therein, demand that this restraining power should not be exercised except in cases where the purposes of justice clearly require it." A court of equity will not, in a case of concurrent jurisdiction, grant an injunction against a pending action in a court of law for the mere purpose of transferring the juris-

diction from the law court. *Crane* v. *Bunnell,* 10 Paige
(N. Y.) 333. And notwithstanding the presence of fraud,
accident or mistake, an injunction will be denied unless
it appears that adequate redress cannot be had in the
pending action. In a number of other decisions the jur-
risdiction of courts of equity to enjoin proceedings at
law has been sustained without considering particularly
whether the defense of fraud was available at law where
the action was being fraudulently prosecuted and an at-
tempt was being made to use the court of law as an in-
strument of injustice and oppression. In *Boyce* v.
*Grundy,* 3 Pet. (U. S.) 215, it was held that equity would
not refuse to enjoin for fraud proceedings at law be-
cause there might be a remedy at law, but that the rem-
edy must be plain and adequate, as practical and effi-
cient to the ends of justice and its prompt administra-
tion as the remedy in equity. But while a court of law
has no power to grant affirmative equitable relief it has
power to adjudicate an equitable defense, and if this is
all that the protection of a litigant's rights requires he
cannot resort to a court of equity to restrain the action.
*Williams* v. *Mitchell,* 30 Ala. 299; *Murray* v. *Barnes
Buchanan,* 13 Ill. 55; *Crane* v. *Ely,* 37 N. J. Eq. 564.
See, also, *Anthony* v. *Valentine,* 130 Miss. 119. Accord-
ingly, it has been held that a judgment in favor of the
defendant in a suit on a note as effectually cancels the
note as would a decree in equity, and that suit on a note
alleged to have been obtained by fraud will not be en-
joined so that a court of equity may decree a cancella-
tion of the note. *House* v. *Oliver,* 123 Ga. 744, 51 S. E.
722.

The propriety of confining litigation to the forum in
which it is first acquired is universally recognized, and
where a court of equity acquired jurisdiction of a suit
on the ground of fraud, it will retain jurisdiction and
dispose of the case, and to this end will enjoin an action
subsequently begun in a court of law in regard to the

same subject-matter. *Gregory* v. *Howell,* 118 Iowa 26, 91 N. W. 778. See, also, *Henwood* v. *Jarvis,* 27 N. J. Eq. 247. The reported case is distinguished in the later case of *Hudson* v. *Jackson,* 144 Ala. 410, 39 So. 227, the court saying that the ruling of the reported case ''was based upon the principle that it is the common right of all men to have their legal rights determined before law forums, and their contested legal demands tried by a jury of their country.'' This was substantially the language used by Justice Stone in his dissenting opinion in the case of *Lehman* v. *Shook,* 69 Ala. 486, which opinion is said to express the view of the court in the reported case.

The only point that we see for consideration in this matter is whether or not the injunction was rightfully sued out, and in as much as the bill of complaint and exhibits thereto expressly show and allege that the property in litigation before C. H. Doolittle, a justice of the peace, that is to say the two bales of cotton referred to, was not included in the Cooper deed of trust, it follows that the complainants in this suit are not entitled to relief in any court and it matters not whether it be at common law or of chancery.

Argued orally by *R. D. Cooper,* for appellant.

Argued orally by *W. I. Munn,* for appellee.

WHITFIELD, C.

This was a case in which the injunction should have been retained until the final hearing. There was no possible way in which the various equities involved in this case could have been settled in the replevin suit. The court had jurisdiction to go into the mutual accounts existing between the parties, and settle the equities arising therefrom, and to determine the matter of the claim for improvements. Hoye was estopped to prosecute the replevin suit for the two bales of cotton here involved.

Hoye had no lien for supplies, because they had been paid, as shown by his receipted accounts; nor for rent for the year 1910, for that had been paid, as shown in the same way. Hoye could not retain the proceeds of the first two bales of cotton, belonging to Blackburn, and institute this replevin suit for the other two bales. The chancery court, therefore, was the proper forum in which to litigate these three questions—the accounts, the estoppel, and the claim for improvements. The court erred in prematurely dissolving the injunction. It was peculiarly a case where the injunction should have been retained for full proof on the final hearing, and complete justice could be done between the parties.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the decree is reversed, the injunction reinstated, and the cause remanded.

*Reversed and remanded.*