603 So.2d 301 (1992)
Larry D. CROWE
v.
James W. SMITH.
No. 89-CA-0228.
Supreme Court of Mississippi.
June 3, 1992.
*303 Stephen L. Beach III, Beach Luckett & Ross, T.E. Davidson, Jackson, for appellant.
Franklin C. McKenzie, Jr., Laurel, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION
This case addresses the authority of the chancery court to authorize sale of Louisiana realty on dissolution of a Mississippi partnership. Larry Crowe appeals from the August 16, 1988, million-dollar judgment of the Chancery Court of Warren County in favor of complainant James Smith of Jones County, Mississippi, granting Smith a cash judgment and costs and ordering Louisiana realty sold. On appeal, Crowe questions, first, whether the trial court had subject-matter jurisdiction over Louisiana realty; second, whether the court properly asserted subject-matter jurisdiction; third, whether the Louisiana lands were partnership assets; and fourth, whether the chancellor erred in assessing costs. Because Crowe does not demonstrate the merit of his challenges, the decision of the chancellor is affirmed.

FACTS
On March 22, 1983, Smith and Crowe entered into a partnership agreement for operating a farming and cotton-ginning business in Warren County, Mississippi, and Madison Parish, Louisiana. The agreement of March 22 stated:
1. The name of the partnership shall be "Australia Island Farm," and it shall be established for the purpose of conducting the primary business of farming.
...
3. Said parties have entered into a Contract to Purchase certain lands in Mississippi and Louisiana, commonly known as "Australia Island", with both of said parties being equally jointly and severally liable for the purchase price thereof, with record title to be vested, upon consummation of the contract in the partnership, Australia Island Farm.
The parties agreed that, should dissolution occur, it would be governed by the laws of Mississippi.
On February 19, 1984, Crowe borrowed $250,000 from Smith and signed a promissory note to be repaid in three weeks and an assignment to Smith of his partnership interest in the Australia Island Farm. On February 18, 1985, Crowe renewed this note with a demand note in the amount of $285,005.69 and secured it with a deed of trust on all partnership realty. In March of 1985, the parties executed an interim partnership operating agreement that included the following paragraph:
Crowe shall execute and deliver unto Smith a promissory note representing ... the balance on a loan previously made from Smith to Crowe on or about February 19, 1984... . This note will be secured by a deed of trust on the fee simple interest of Crowe on lands owned by the partnership in Madison Parish, *304 Louisiana and Warren County, Mississippi, known as "Australia Island"
... .
Under this agreement, the partners' capital contributions were to be maintained daily on an equal basis. In 1986, interest payments, including mortgage payments, appeared as expense items on the Australia Island Farm income statement and partnership income tax return. On November 6, 1985, Smith demanded payment of the February 18, 1985 note.
When Crowe failed to honor the demand, Smith filed a complaint on December 9, 1985, against Crowe for $309,305.28 plus accrued interest of $90.11 per day for defaulting on loan agreements and Crowe's failing to maintain his share of the partnership capital account. For relief, Smith asked for a money judgment, foreclosure of Crowe's deed of trust to Smith, disbursement of the foreclosure proceeds to satisfy Crowe's and the partnership's indebtedness, attorney's fees pursuant to the terms of Crowe's promissory note, and enforcement of an assignment and pledge of Crowe's partnership interests to Smith, and dissolution of the partnership.
On March 11, 1986, Smith moved for summary judgment on the issue of Crowe's alleged $602,938.20 indebtedness and asked for authority to sell property covered by the deed of trust and foreclose on the collateral mortgage. Crowe alleged the existence of issues of fact regarding his indebtedness, and the chancellor overruled the motion.
On May 7, Crowe amended his answer with a counterclaim in which he alleged that Smith was delinquent in his capital account contributions and that Crowe was entitled to credit for the value of Crowe's services and expenditures. On September 24, the chancellor preliminarily enjoined Smith from foreclosing on any of Crowe's property under the February 20, 1985 deed of trust, but authorized him to advertise a foreclosure sale two weeks after the appointment of a master. The next day the chancellor appointed a master to prepare an accounting of the partnership.
The special master filed his report on December 15, 1986. Both parties objected to the report, and the case was recommitted to the master on January 2, 1987, who filed an amended report in May. The complaint was heard in the Chancery Court, and on December 8, the court issued a partial judgment. In that judgment, the court found jurisdiction over the parties and subject matter of the case, and that the Australia Island Farm was partnership property. The chancery court held that the laws of Mississippi governed the dissolution of the partnership.
On August 16, the chancellor found that "[this] partnership adopted the name Australia Island Farm and acquired the lands and equipment comprising the initial partnership assets." Crowe appealed to this Court on October 5, 1988.
On October 20, 1988, Judge Charles R. Brackin of Louisiana ordered that the Mississippi judgment of August 16 be given full faith and credit. On March 29, 1989, Judge Brackin issued a judgment ordering the disposition of partnership assets in Louisiana. The Louisiana court expressed concern that it could find "no instrument wherein Crowe and Smith actually transferred their interest in the property into any Mississippi partnership." The Louisiana court also noted that the Mississippi partnership had not registered in Louisiana, in compliance with Louisiana law. Judge Brackin did observe that Crowe admitted under cross-examination that he had represented the Louisiana land as a partnership asset in his Mississippi testimony.
In the chancellor's final ruling, he dissolved the partnership and ruled on all partnership claims and operating expenses and income during the dissolution proceedings. The final judgment granted to Smith from Crowe was for $1,064,596.64, and that accounting is not in issue on this appeal. The chancery court ordered the sale of the partnership assets, with the right of both former partners to bid at the sale. This appeal addresses the authority of the Mississippi Court to authorize sale of the partnership assets in Louisiana.

*305 II. ANALYSIS
In a case such as this, the Court must let stand a trial judge's findings of evidentiary or ultimate fact when substantial evidence in the record supports those findings, or when the findings are not "clearly erroneous." Matter of Estate of Varvaris, 528 So.2d 800, 802 (Miss. 1988).

A. Issue # 1

Was the Louisiana property a partnership asset?
Crowe disputes the Louisiana land's status as partnership property. He contends instead that Crowe and Smith's ownership of the land as tenants in common defeated its characterization as a partnership asset. Thus, Crowe claims that the partnership dissolution should not have affected the Louisiana land.
Crowe claims to have earlier disputed the status of the land as partnership property, but he offers as evidence only the comment of the Louisiana court that it could find no instrument whereby Crowe and Smith transferred their co-tenancy interest into a partnership interest. Crowe offers no other evidence that he had previously disputed the partnership status of the Louisiana land.
Under Mississippi law, an appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error. Cooper v. Lawson, 264 So.2d 890, 891 (Miss. 1972) (citing Clark v. State, 206 Miss. 701, 39 So.2d 783, suggestion of error overruled, 206 Miss. 701, 40 So.2d 591 (1949); Howard v. State, 507 So.2d 58, 63 (Miss. 1987).
If Crowe believes that the Louisiana property should not have been included among the assets of his partnership with Smith, he should have introduced that contention with supporting evidence in the trial court. However, the status of the property does not change the court's subject matter jurisdiction over the matter of dissolution.
Looking to applicable law, the controlling rule appears in Mississippi's adoption of the Uniform Partnership Act. In the section entitled "What constitutes partnership property," the code states:
(1) All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property.
(2) Unless the contrary intention appears, property acquired with partnership funds is partnership property.
...
(4) A conveyance to a partnership in the partnership name, though without words of inheritance, passes the entire estate of the grantor unless a contrary intent appears... .
Miss. Code Ann. § 79-12-15 (Supp. 1988); U.P.A. § 8 (1969). In their treatise, Dean Reuschlein and Professor Gregory state:
[t]he determining factor as to whether a specific piece of property constitutes partnership property or the individual property of one or more of the partners is the intention of the parties in most instances... . [I]f it appeared by all the circumstances surrounding the transaction that the parties for which it was purchased intended it to be partnership property and treated it as such, the presumption of ownership arising from the face of the deed could be overcome, and the property could be treated as belonging to the partnership.
H. Reuschlein & W. Gregory, The Law of Agency and Partnership § 212 (2d ed. 1990). Of course, when parties dispute intent, it may only be proved by objective manifestations such as writings, conduct, or other such circumstances.
On the merits of Crowe's claim, the Louisiana land does constitute partnership property. No evidence shows that the property was named as partnership property in its record title or conveyed to the partnership. On the other hand, persuasive authority cited above shows that partnership property need not be recorded as such, but may be proven to be in the partnership by other indicia. This rule does not contradict Mississippi law.
*306 In this case, according to the March 22, 1983 agreement, neither party owned the property before the existence of the Australia Island Partnership. The parties contracted to buy Australia Island Farm for the use of the partnership, and the agreement implies that the parties purchased the property with their own, not partnership funds. The parties referred to the property as partnership property in financial transactions and listed its mortgage payments on their partnership tax return. Whether the parties formally transferred record title to the name of the partnership or the parties remained the record co-owners, the parties made the property's status clear by their expressed intent and subsequent practice. Thus, the realty became partnership property upon its acquisition, pursuant to the intention expressed in the March 22, 1983 agreement and its later, unequivocal treatment as partnership property. Without other evidence in the record to support Crowe's contention, the trial court's implicit conclusion that the Louisiana land became partnership property is affirmed.

B. Issue # 2

Did the Mississippi chancery court address the issue of its jurisdiction in making its judgment?
Appellant Crowe claims that the record shows no "facts proved or admitted" to support subject-matter jurisdiction, and that under the 1926 Tennessee case of Chambers v. Treadway, 289 S.W. 533, 154 Tenn. 134, the court's assumption of jurisdiction was thus without basis. Crowe further contends that, since the jurisdictional issue was allegedly not fully and fairly litigated below, the judgment did not merit the full faith and credit accorded it by the state of Louisiana. The applicable Mississippi rule holds, however, that when a court of general jurisdiction acts, the jurisdictional facts presumptively exist unless otherwise shown in the record. Majors v. Purnell's Pride, Inc., 360 F. Supp. 328, 329 (N.D.Miss. 1973); Dyer v. Russell, 204 Miss. 719, 736, 38 So.2d 104, 107 (1949). In this issue, raised for the first time in the appellant's rebuttal brief, Crowe claims that the Mississippi court made no explicit finding of subject-matter jurisdiction. Under Mississippi law just cited, however, Crowe's contention bears no merit. The Mississippi court presumptively assumed appropriate jurisdiction. If Crowe alleges otherwise, he bears the burden of overcoming the presumption of correct jurisdiction. Since Crowe did not allege any facts of record contradicting the court's jurisdiction, its jurisdiction over this subject matter stands.

C. Issue # 3

Does a Mississippi chancery court have subject-matter jurisdiction over the Louisiana real property assets of a partnership?
By way of his first brief, appellant Crowe claims that the lower court lacked subject-matter jurisdiction because Louisiana law does not recognize an unregistered foreign partnership. On rebuttal, significantly expanding his argument, appellant Crowe alleges that the lower court's judgment wholly lacks effect because the court lacked subject matter jurisdiction over lands located in Louisiana. Appellee Smith contends that Crowe cannot raise this issue on appeal, since it was not raised before the lower court.
Appellant Crowe also claims that, even if subject-matter jurisdiction could be had in this action, the court's judgment ordered an officer of the court to act with respect to Louisiana land. Thus, Crowe claims, the court improperly assumed subject-matter jurisdiction of the Louisiana land, itself.
Chief Justice John Marshall articulated the rule, "[I]n a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree... ." Massie v. Watts, 10 U.S. (6 Cranch) 148, 160, 3 L.Ed. 181 (1810); see also Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454, 457 (Miss. 1983). In Matter of Estate of Varvaris, 528 So.2d 800, 803 (Miss. 1988), this Court noted:

*307 the courts of this state are open to citizens of this state who wish to litigate their respective rights to real property, notwithstanding that such property may physically lie within a foreign nation and notwithstanding further that the rights of the parties must ultimately be determined by reference to the law of that foreign nation.
Also, in the predecessor case to Varvaris, the Court operated on the rule that, where a Mississippi court has subject matter and personal jurisdiction, it may enter a personal judgment which would be binding in other states under the full faith and credit clause of the United States constitution. Kountouris v. Varvaris, 476 So.2d 599, 607 (Miss. 1985); see U.S. Const. art. IV, § 1; Restatement (Second) of Conflicts of Laws § 102 comment d (1971). The fact that the judgment may not be given full faith and credit in a foreign jurisdiction does not defeat the authority of a court of this state to adjudicate a matter. Kountouris, 476 So.2d at 607. Although with no binding authority on this Court, Louisiana decisions have articulated the same principles: "While a foreign court may not act directly on title to property, it may affect the parties' dealings with the property and bind them personally." Purchase Corp. v. Starkes, 560 So.2d 1005, 1007 (La. Ct. App. 1990) (quoting Dickerson v. Scott, 476 So.2d 524, 527 (La. Ct. App. 1985)).
The Fifth Circuit has also commented on the principle of a judgment which affects property in another state:
The mere fact ... that ... validly created rights and obligations [arising out of a decree] may to some degree involve the parties' interests in foreign realty cannot negate the in personam effect of the decree creating those equities.
Allis v. Allis, 378 F.2d 721, 726 (5th Cir.1967), cert. denied, 389 U.S. 953, 88 S.Ct. 337, 19 L.Ed.2d 363. The Allis court pointed out that, while the court with in personam jurisdiction could fashion a decree, a court having jurisdiction over the situs of the real property could then choose to give operative effect to the decree. Id. Further, this Court has explained that, once parties have sought the jurisdiction of a court of this state to determine contractual obligations involving realty in another state, the matter is res judicata; the question cannot be submitted to a court associated with the situs of the realty. Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 906-08, 87 So.2d 289, 293-94 (1956). This rule binds not only the party that sought jurisdiction, but all parties to the suit. Id. (dictum); Restatement (Second) of Conflicts of Laws § 102 comment d (1971).
The next question becomes one of determining which state's law ought to be applied by a Mississippi court entitled to hear such a case. In Tideway Oil, the Court identified the primary question as relating to choice of law, not jurisdiction. Tideway Oil, 431 So.2d at 457-58. Mississippi law resolves choice-of-law questions by employing the center-of-gravity doctrine. Id. at 458, Spragins v. Louise Plantation, Inc., 391 So.2d 97 (Miss. 1980). The doctrine requires that a court examine the two states' policies, the location of the property, the location of the agreement's execution, and the intent of the parties. Tideway, 431 So.2d at 458.
The final question becomes one of ascertaining whether or not the Mississippi chancery court, in particular, had jurisdiction to adjudicate Smith's complaint against Crowe. The dissolution of a partnership requires the settling of accounts. Miss. Code Ann. § 79-12-79 (Supp. 1988). A Mississippi chancery court holds the authority to hear a case for an accounting. Evans v. Hoye, 101 Miss. 244, 253, 57 So. 805, 806 (1911); see also Miss. Const. Art. 6, § 159; Miss. Code Ann. § 9-5-81 (1972). While partnership assets may be tangible property, the partnership interest being litigated upon dissolution constitutes intangible personal property; an action to dissolve, then, is an action over personal property. See Miss. Code Ann. § 79-12-51 (Supp. 1988) (a partner's interest in the partnership constitutes personal property); see also U.P.A. § 26 (1969); Grenada Bank v. Willey, 694 F.2d 85, 87 (5th Cir. [Miss.] 1982), reh'g denied, 697 F.2d 1092 (5th Cir.1983), cert. denied, 462 U.S. 1123, 103 *308 S.Ct. 3097, 77 L.Ed.2d 1355. Thus, a Mississippi chancery court may properly hear a case for the dissolution and accounting of a partnership.
In this case, Crowe argues in his first brief that the chancellor's decision was null and void because the partnership, which held Louisiana assets, was not registered in Louisiana. This contention bears no relevance to the power of a Mississippi court to adjudicate matters arising out of a partnership agreement between two Mississippi citizens. As noted in the Kountouris and Varvaris cases, the effect of foreign law on a Mississippi judgment does not negate the power of a court of this state to issue a judgment. Therefore, the contention that the Australia Island Farm may not have been properly registered in Louisiana does not affect the rights of Mississippi citizens as to the disposition of the assets of their Mississippi partnership.
Perhaps the failure to register affects the parties' ability to invoke the protection of the laws of Louisiana. Regarding the choice-of-law issue, however, this adjudication of a Mississippi partnership does not seek to determine the parties' rights under Louisiana law. Most significantly, by the parties' own agreement, and also by weighing the other components of a center-of-gravity analysis, Mississippi law applies to this action for dissolution.
Also without merit is Crowe's claim that causing an officer of the court to sell Louisiana property shifted the subject matter of this action to Louisiana. The Mississippi Chancery Court's jurisdiction arose from the partnership relation of the parties. The fact that an officer of the court was ordered to help effect the judgment did not change the nature of the action, the dissolution and accounting of a Mississippi partnership.
Appellee Smith's protest, that this issue appears for the first time on appeal, carries no weight; a failure of subject-matter jurisdiction may be raised at any stage of a proceeding. See Miss.R.Civ.P. 12(h)(3) and comment (1988). In this case, however, the subject-matter jurisdiction of the lower court is present.

D. Issue # 4

Did the chancery court err in ordering appellant Crowe to pay all of the charges of the master?
Crowe complains that, in taxing costs of the master to him, the court violated its previous order that expenses be split between the parties. In the order appointing the special master, the chancellor ordered that "each party shall equally share the costs of the Master upon the Master providing a voucher and invoices to this Court for his or her services and expenses." In the judgment of August 16, 1988, however, the chancellor ordered Crowe to pay to Smith "all the costs of this action, including the fees of the Special Master paid by James W. Smith... ."
The rules of civil procedure allow the court to appoint a master and to compensate the master "as allowed by the court and taxed in the costs... ." Miss.R.Civ.P. 53(a) (1988). Rule 54 states that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs... ." Miss.R.Civ.P. 54(d) (1988). The comment explaining rule 54(d) states:

Costs refers to those charges that one party has incurred and is permitted to have reimbursed by his opponent as part of the judgment in the action... . [T]axable costs under Rule 54(d) ... represents those official expenses ... that a court will assess against a litigant.
Miss.R.Civ.P. 54 comment (1988) (emphasis in original).
Based on a plain reading of the rule 54, the official expenses which the prevailing party incurs and which the non-prevailing party must reimburse cannot be determined until judgment, when a prevailing party is determined. According to rule 53, the payment of a master is a cost, and thus falls under the ambit of rule 54.
Examining the record in this case, it appears that the court made a preliminary determination for compensating the master. Then, once a prevailing party had been determined, the chancellor assessed the non-prevailing party with those costs *309 which the prevailing party had incurred for the services of the special master. This assessment against Crowe was mandated by rule 54 and was not error.

III. CONCLUSION
Crowe's challenge to the chancellor's authority to order a disposition of Louisiana property as part of a partnership dissolution decree lacks merit. The record shows Crowe's claim, that the Australia Island Farm did not lie within the partnership, to be specious. His challenge ignores the legal reality that subject matter jurisdiction over a partnership dissolution lies in the personalty of the partnership, not the situs of any real estate held by the partnership; the court clearly had subject matter jurisdiction over the partnership. That the partnership may not have properly registered in Louisiana might be of concern in a Louisiana action, but it has no bearing on this action appropriately governed by Mississippi law. The lower court's minimal assertion of subject-matter jurisdiction met and exceeded the requirements of the Mississippi rule that jurisdiction is presumed unless disproven. Crowe's claim that the court improperly countermanded its own order by taxing him with costs ignores the Mississippi rules mandating that costs be assessed in that manner. In sum, Crowe demonstrates no chancery finding which could be called clearly erroneous nor does he present substantial evidence to warrant a different result. Thus, the chancellor's decision should be affirmed.

IV. OTHER MATTERS
In an introduction to the rebuttal brief, Crowe's counsel complains that the Australia Island Farm was sold without notifying counsel and that Smith took possession of the land.
These matters lie outside the scope of this appeal and are not addressed in this opinion. See St. Louis Fire and Marine Ins. Co. v. Lewis, 230 So.2d 580, 584 (Miss. 1970) (the Court will not consider facts outside the record); Commercial Credit Equip. Corp. v. Kilgore, 221 So.2d 363, 367 (Miss. 1969).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., dissents without separate written opinion.