McMILLIN, C. J.,
for the Court.
¶ 1. Robert Seale has appealed from a judgment of the Marshall County Chancery Court reducing his periodic alimony obligation to his former wife, Dorothy Sea-le, from $1,250 per month to $850 per month. Mr. Seale raises two contentions in this appeal. First, he complains that the chancellor erred in failing to credit monthly Social Security benefits received by Mrs. Seale attributable to his earning history against his monthly obligation. Secondly, he alleges that the chancellor abused his discretion in only reducing the monthly obligation by $400 per month when the evidence showed that he was plainly entitled to a greater reduction. We find that the first issue is not properly before this Court. We further find that the second issue is without merit. Therefore, we affirm the judgment of the chancellor.
I.
Facts
¶ 2. Mr. and Mrs. Seale were divorced after thirty-one years of marriage in 1990. The parties settled the financial aspects of the divorce on terms that were subsequently approved by the chancellor and incorporated into the terms of the divorce judgment. Among the mutually-agreeable terms was the provision that Mr. Seale would pay periodic alimony to Mrs. Seale in the amount of $1,250 per month. At the time of the divorce, Mr. Seale was a registered pharmacist who owned and operated his own drug store. Mrs. Seale was not employed at the time.
¶ 3. Subsequently, in late 2001, Mr. Sea-le was diagnosed with cancer. Faced with the prospect of surgery, Mr. Seale sold his pharmacy business. Mr. Seale had remarried in the interim period, and the pharmacy business was owned jointly by Mr. Sea-le and his present wife. A major portion of the sales price was deferred to be paid by the purchaser in monthly installments over a ten-year period.
¶ 4. Based on allegations of diminished income, Mr. Seale filed a motion to modify his monthly alimony obligation. The chancellor, finding that there had been a material change in circumstance that could not have been anticipated by the parties at the time of the divorce, granted Mr. Seale relief by reducing his monthly obligation from $1,250 to $850 per month.
¶ 5. Mr. Seale, being of the opinion that the proof plainly shows that he was entitled to greater relief than that afforded by the chancellor, perfected this appeal. More details of the facts concerning the financial aspects of the parties will be set out in the appropriate portions of our analysis that follows.
II.
Credit for Social Security Benefits
¶ 6. The proof is uncontradieted that, at the time of the hearing in this modification proceeding, Mr. Seale was drawing Social Security benefits in the amount of $1,304 per month and that Mrs. Seale was also drawing monthly benefits, though there is some confusion as to whether her monthly benefit check is $485 or $498. Because of *998 our disposition of this issue, however, we find it unnecessary to attempt to resolve this minor point of confusion in the record.
¶ 7. In this appeal, -Mr. Seale sets out as his first issue that the chancellor erred in failing to credit Mrs. Seale’s monthly Social Security benefit check against Mr. Seale’s recurring alimony obligation. He cites the case of Spalding v. Spalding in support of his contention. Spalding v. Spalding, 691 So.2d 435 (Miss.1997). The Spalding case, as this Court understands it, holds that Social .Security payments received by the wife should be credited against alimony in the situation where the amount was “derived from her husband’s Social Security account....” Id. at 438-39. Subsequently in the opinion, the Spalding court makes reference to “derivative Social Security payments” being used to satisfy alimony obligations. Id. at 440. Thus, Spalding would not support a contention that an alimony obligor would be entitled to credit if the obligee was receiving benefits based on the obli-gee’s own earning history. The issue of whether a credit is due or not, therefore, depends on findings of fact beyond proof that benefits in a certain amount are being received by the obligee.
¶ 8. In this case, there was no contention at the trial level that the benefits being received by Mrs. Seale were attributable to her former husband’s earning history such that they could properly be classed as “derivative Social Security payments” within the holding of Spalding. It, therefore, becomes impossible for this Court, sitting in an appellate capacity, to meaningfully consider Mr. Seale’s contentions. This situation points up once again the underlying purpose behind the generally applicable rule that issues may not be raised for the first time on appeal. Parker v. Miss. Game and Fish Comm’n, 555 So.2d 725, 730 (Miss.1989); Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992).
¶ 9. We decline to consider this issue as not being properly before us. We do so without prejudice to Mr. Seale’s right to subsequently raise the issue of his entitlement to future credit upon presentation of the necessary proof in an appropriate proceeding at the trial level where the issue is pled and the issue fully tried.
III.
Abuse of Discretion
¶ 10. Mr. Seale contends, in essence, that the proof plainly showed that he was entitled to a more substantial reduction in alimony than the $400 allowed by the chancellor. The evidence showed that, since the divorce, Mr. Seale had transferred substantial assets to his second wife, including a one-half interest in the drugstore business as well as title to commercial property that produced something on the order of $800 per month in rental income. Mr. Seale was shown to have Social Security income of $1,304 per month, a state retirement check in the amount of $58.68 per month, and his share of the monthly installment on the sale of the drugstore in the amount of $424.26 per month. There . was additional evidence that Mr. Seale had untapped retirement accounts totaling approximately $34,000. Mr. Seale testified to recurring monthly living expenses of $2,689.18. There was evidence that the drugstore, prior to its sale, had produced annual net income for Mr. Seale in an amount approximating $24,000.
¶ 11. The evidence reflected that Mrs. Seale had income of $485 or $498 in monthly Social Security benefits and interest income of $267 per month at the time she filed her required financial disclosure documents with the trial court. There was *999 some contention that her interest income had declined significantly thereafter as interest rates paid by financial institutions had fallen sharply. The chancellor, nevertheless, relied on the $267 figure to analyze her income.
¶ 12. The chancellor found that Mr. Seale had suffered a loss in income through no fault of his own brought on by his debilitating illness. He found that this change in Mr. Seale’s ability to produce income from which his alimony obligation to Mrs. Seale could be paid was something that was not within the contemplation of the parties at the time of the divorce. Therefore, he concluded that there had been the requisite material change in circumstance that would justify some adjustment in Mr. Seale’s alimony obligation. Magee v. Magee, 754 So.2d 1275, 1279(¶ 8) (Miss.Ct.App.1999). Nevertheless, the court further noted that Mrs. Seale had been substantially dependent upon alimony payments from Mr. Seale for the entire period since the divorce to meet her monthly living expenses. Balancing the competing considerations, the chancellor, with some apparent reluctance, concluded that a $400 reduction in Mr. Seale’s alimony obligation would be warranted.
¶ 13. Without citing any specific authority in his brief, Mr. Seale simply contends that, on the face of this record, “Mrs. Seale is now in a much better financial position while Mr. Seale is in a worse financial position, and therefore, Mr. Seale’s alimony obligation should be lowered beyond $400.”
¶ 14. In matters such as this, the chancellor has substantial discretion in reaching a decision that he finds equitable and fair to both parties. Id. at 1278-79(¶ 7). This Court, sitting in review of the chancellor’s decision, is limited in the scope of our inquiry to search for an abuse of that discretion. Id. Mr. Seale bases much of his argument on a comparison of the relative net worth of the assets possessed by both parties, claiming that “Mrs. Seale’s assets are almost double that of Mr. Sea-le.” Nevertheless, even by Mr. Seale’s own calculation, Mrs. Seale’s assets total less than $175,000. Even that figure includes $76,000 as the alleged value of her residence along with $20,000 in personal property. These assets are incapable of producing any amount of income to meet Mrs. Seale’s recurring monthly living expenses. In that situation, it seems evident that Mrs. Seale remains in the situation where she needs additional monthly income from some source to meet her basic living needs. Based on the evidence before us, we are not convinced that, after this marriage of thirty-one years was ended based on grounds of fault attributable to Mr. Seale, requiring him to continue to contribute an amount of only $850 per month to permit his former wife to continue to meet recurring expenses that, by any analysis, could not be considered excessive does not demonstrate the sort of abuse of discretion afforded the chancellor that would warrant the interference of this Court.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.