943 So.2d 86 (2006)
James STINGLEY, Appellant
v.
REDLAND INSURANCE COMPANY, Appellee.
No. 2005-WC-01442-COA.
Court of Appeals of Mississippi.
September 19, 2006.
Rehearing Denied November 28, 2006.
*87 James (Jay) R. Foster, attorney for appellant.
F. Hall Bailey, Jackson, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. This case results from a miscommunication regarding the date of cancellation of James Stingley's employer's workers' compensation policy. Despite the error, this Court finds that the policy was effectively canceled and thus no coverage exists for Stingley's claim.
¶ 2. Robert Kirtland, d/b/a Kirtland Trucking, secured workers' compensation coverage through Redland Insurance for one year effective September 11, 1999. On *88 February 9, 2000, Kirtland executed a cancellation request/policy release after receiving a cancellation notice for failure to make payments due under a finance agreement he had taken out to pay for the workers' compensation policy.
¶ 3. James Stingley was injured on March 1, 2000, in the course and scope of his employment with Kirtland Trucking when a falling tree struck him. The incident was reported to Crawford & Company, administrator for Redland Insurance, Kirtland Trucking's workers' compensation carrier.
¶ 4. Not aware that the policy had been canceled on February 9, 2000, Crawford & Company began handling the claim on the basis that coverage was in effect. Payments totaling $62,795.94 for medical expenses and $29,852.76 in disability payments were made on Stingley's claim. Redland is not seeking reimbursement for these amounts.
¶ 5. On March 15, 2000, Insurance Services of America (ISA), Redland's underwriting agent, sent a notice to Kirtland advising that its workers' compensation policy would be canceled on April 18, 2000, for nonpayment of premium. This was done without knowledge of the February 9 cancellation. Upon learning of the mistake, ISA sent another notice to Kirtland with February 9 as the effective date of cancellation.
¶ 6. On January 15, 2003, an administrative law judge found that coverage was in effect until April 18, 2000. However, on March 11, 2004, the same judge set aside the January 15 order upon consideration of additional information. The new finding held that "[t]he blank document signed on February 9, 2000 was, if anything, simply the initial steps of a request to cancel the policy, whereas the document with an effective cancellation date of April 18, 2000 was the actual `Notice of Cancellation.'" Redland appealed the ALJ's decision to the Mississippi Workers' Compensation Commission. The Commission set aside the decision and held that coverage did not exist. Stingley then appealed to the Circuit Court of Pearl River County. On June 22, 2005, the circuit court affirmed the ruling of the Commission.
¶ 7. Stingley appeals to this Court citing the following issues: (1) the employer had workers' compensation insurance at the time of the accident; (2) the insurance company's own documents show there was insurance coverage at the time of the accident; (3) the employer's attorney admitted that there was coverage at the time of the accident; (4) the alleged cancellation of insurance by the employer was not signed by Robert Kirtland; and (5) Redland was confused about the date of cancellation.
¶ 8. Because issues I, II, and V are substantively similar, we will analyze those together. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 9. This Court's scope of review of decisions of the Mississippi Workers' Compensation Commission is limited to a determination of whether the decision of the Commission is supported by substantial evidence. Levi Strauss & Co. v. Studaway, 930 So.2d 481, 484(10) (Miss.Ct.App. 2006) (citing Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(7) (Miss.Ct.App.1999)). The Commission sits as the ultimate finder of fact; its findings are subject to normal, deferential standards upon review. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We will only reverse the Commission's rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious. Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1225 *89 (Miss.1997); Westmoreland, 752 So.2d at 448 (¶ 8).

DISCUSSION
I. WAS WORKERS' COMPENSATION INSURANCE IN EFFECT AT THE TIME OF THE ACCIDENT?
¶ 10. Stingley argues that Redlands' documents show the date of cancellation of insurance as April 18, 2000, and, therefore, coverage was in effect on March 1, 2000, the date of the injury. Stingley further argues that Redland should be estopped by its own documents from arguing that there is no coverage.
¶ 11. Stingley cites several authorities allowing estoppel where the insured relied on payments of the insurer. However, no reason exists for estoppel in this case. The doctrine of equitable estoppel requires proof of a belief and reliance on some representation, a change of position as a result of the representation, and detriment or prejudice caused by the change of position. See Gulf Ins. Co. v. Neel-Schaffer, Inc., 904 So.2d 1036, 1048(¶ 33) (Miss. 2004).
¶ 12. First, no reliance has been shown. Second, no misrepresentation was made about the provisions of coverage. Kirtland, the employer, knew of the cancellation, his signature was on the lost policy release, and he was aware that the policy was being canceled for his failure to pay premiums. This is supported by handwritten notes made by the insurance agent during conversations with Kirtland stating Kirtland's intent to cancel the policy on February 9.
¶ 13. By signing the lost policy release, Kirtland canceled coverage consistent with the provisions for immediate cancellation set out in Mississippi Code Annotated Section 71-3-77(1)(b) (2000). Under this section, a workers' compensation insurer must give the insured thirty days notice of intent to cancel a policy unless the insured signs and delivers a lost policy release. Id.
¶ 14. Kirtland agreed to the cancellation of coverage on February 9, 2000, and he should have known that any payments made to Stingley under the workers' compensation coverage were a mistake. Therefore, cancellation was effective as of February 9, 2000.
II. DID THE ADMISSION OF INSURANCE COVERAGE BY THE EMPLOYER'S ATTORNEY GIVE EMPLOYEE RIGHT TO COVERAGE?
¶ 15. In Redland's answer to Stingley's complaint, Redland admitted "that the parties were subject to the Mississippi Workers' Compensation Act at the time of alleged accident or occupational disease." Stingley uses this statement to further support his argument that workers' compensation insurance was available at the time of the injury.
¶ 16. No evidence of this argument appears at the trial level or in the record of the Commission. An appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error. West v. West, 891 So.2d 203, 214(¶ 33) (Miss.2004); Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992). Since this issue was not previously raised, it cannot be heard for the first time by this Court on appeal.
III. WAS THE CANCELLATION OF INSURANCE AS SIGNED BY THE EMPLOYER'S WIFE VALID?
¶ 17. Stingley argues that the cancellation of insurance was invalid since it was signed by Kirtland's wife, Lois, who was not authorized to sign insurance documents.
*90 ¶ 18. Lois Kirtland testified that she assisted at Kirtland Trucking in certain business affairs, including dispatch, payroll, and filing, but had no duties with regard to obtaining insurance. Kirtland could not recall whether he gave his wife specific authority to sign his name to cancel the workers' compensation policy. Mrs. Kirtland admitted signing Mr. Kirtland's name on a blank cancellation form but does not recall what policy was being canceled. This was not unusual since Kirtland Trucking had filed for bankruptcy and had been out of business for approximately three years. Many policies had been canceled or changed to other equipment.
¶ 19. Even without specific authority from Kirtland, his wife's signature on the blank document entitled "Cancellation Request/Policy Release" effectively canceled the coverage. First, Mrs. Kirtland admitted to signing her husband's name to the form. Second, the insurance agent testified that the cancellation had been discussed with Kirtland prior to its execution. The insurance agent produced handwritten notes taken during a phone conversation with Mr. Kirtland on February 9, 2000, asking the agent to drop workers' compensation insurance. The insurance agent followed up on their conversation by faxing the policy release to Kirtland Trucking. The form was faxed back on the same day bearing the signature "Robert D. Kirtland."
¶ 20. Given these facts, substantial evidence existed for the Commission to deny benefits. Kirtland was aware of the cancellation request and consented to its execution. We affirm.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.