ON WRIT OF CERTIORARI

RANDOLPH, Justice,
for the Court:
¶ 1. The Court of Appeals reversed and remanded the equitable distribution of a marital estate, as it found that the chancellor had made manifest errors. See Lewis v. Lewis, 54 So.3d 233 (Miss.Ct.App.2009). We agree with the Court of Appeals that the trial court erred regarding the evaluation and distribution of marital assets, but find that the Court of Appeals erred in its remand instruction. See id. at 239-41, 242-44. Thus, we remand the case to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

¶ 2. The Court of Appeals’ opinion sufficiently sets out the facts and issues on appeal, which need not be repeated. See id. at 234-35. The Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. Id. at 239-40, 243^4. Tonia raised two issues in her petition for certiorari: (1) Mississippi caselaw is in direct conflict with the Court of Appeals’ remand instruction on the valuation of a business; and (2) the Court of Appeals exceeded its authority, ignored the discretion given to a chancellor, and mistakenly found manifest error in the valuation and treatment of marital assets. This Court granted certiorari. Lewis v. Lewis, 42 So.3d 24 (Miss.2010). We find no error as to issue two and thus address only issue one.

ANALYSIS

¶ 3. Inter alia, the Court of Appeals instructed:
the chancery court should value Legacy using: (1) any real property owned by Legacy; (2) any other property owned by Legacy, such as vehicles or tools; (3) goodwill equity, if any, attributable to Legacy; and (4) any improvements that Legacy owns that are made to real property owned by parties other than Legacy. In making these determinations, the chancery court should consider “that price at which [the business] would change hands between a willing buyer and a willing seller when the former is not under any compulsion to buy and the latter is not under any compulsion to sell, both parties having reasonable knowledge of the relevant facts.”
*218 Lewis, 54 So.3d at 240 (emphasis added) (quoting Singley v. Singley, 846 So.2d 1004, 1011 (Miss.2002)). Error lies in not completing the above quote, for paragraph eighteen of Singley also unequivocally states “today we join those sister states who prohibit goodwill from inclusion in valuing a business for distribution as marital property in a domestic case.” Id. Singley was followed and further clarified by Watson and Yelverton. See Yelverton v. Yelverton, 961 So.2d 19 (Miss.2007); Watson v. Watson, 882 So.2d 95 (Miss.2004). Thus, Mississippi caselaw prohibits the inclusion of goodwill in valuing a business interest for distribution as marital property. “ ‘[G]oodwill,’ whether ‘personal goodwill’ or ‘business enterprise goodwill’ shall not be included in the valuation of [a car dealership].” Yelverton, 961 So.2d at 29. “[Goodwill is simply not property; thus it cannot be deemed a divisible marital asset in a divorce action.” Singley, 846 So.2d at 1011. Upon remand, the chancellor should value Legacy[1] without considering goodwill.
¶ 4. While I expressed a similar concern as raised in Justice Kitchens’s dissent (see my dissent in Watson), that argument has been soundly rejected by this Court. See Watson, 882 So.2d at 111-12 (Randolph, J., dissenting). If Singley lacked clarity, this Court’s unanimous holdings in Watson and Yelverton are exceedingly clear and comprehensive. See Yelverton, 961 So.2d at 80; Watson, 882 So.2d at 105-06. To consider goodwill equity contravenes this Court’s precedent. Stare decisis demands this result.
¶ 5. At trial, the chancellor was presented with a sizable marital estate. One party provided evidence of dubitable reliability, albeit the best she could muster. The other party was recalcitrant and demonstrated a lack of credibility to the chancellor. The marital estate exceeded $2,000,000 and involved alleged transfers from trusts and section 1031 tax transfers. See 26 U.S.C. § 1031 (2009). A proper evaluation is indeed complex and may well require special knowledge or expertise. The chancellor recognized the complexity, for, after the close of evidence, he stated that each side had given him “way too much” in this “complicated matter financially.” Perhaps a special master skilled in evaluating a business would be of significant assistance. We recognize that reference to a master without the consent of the parties is the exception and not the rule. See Miss. R. Civ. P. 53(c); Trovato v. Trovato, 649 So.2d 815, 818 (Miss.1995). We recognize also that the cost of appointing a special master may be economically prohibitive in most cases. See Crowe v. Smith, 603 So.2d 301, 308 (Miss.1992) (“According to rule 53, the payment of a master is a cost, and thus falls under the ambit of rule 54.”); Miss. R. Civ. P. 53(a), 54(d). Here, where the marital estate is sizable, ownership and valuation are complex, and the evidence presented is of questioned reliability, combined with the litigants’ ability to pay, reference to a special master might afford the chancellor significant assistance.[2]
¶ 6. “[W]here the finding to be made is of a complex, technical, non-legal nature, a person other than an attorney ... may be appointed.... ” Miss. R. Civ. P. 53(b). *219 Any issue may be referred to a special master with the consent of the parties. Under Mississippi Rule of Civil Procedure 58(c), reference without the consent of the parties would require a finding by the chancellor of exceptional conditions. The chancellor is in the best position to make the determination of whether the conditions in this case are sufficiently exceptional to warrant the appointment of a special master. Should the chancellor discern that exceptional conditions exist, he may specify or limit the authority of a special master in the order of reference. See Miss. R. Civ. P. 58(d).

CONCLUSION

¶ 7. Upon remand, the chancellor shall cause the marital assets to be reevaluated consistent with the instructions of this opinion and those of the Court of Appeals, with the exception of considering goodwill equity.
¶ 8. THE JUDGMENTS OF THE COURT OF APPEALS AND THE CHANCERY COURT OF HARRISON COUNTY ARE AFFIRMED IN PART AND REVERSED IN PART. THIS CASE IS REMANDED TO THE CHANCERY COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., LAMAR AND CHANDLER, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DICKINSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. PIERCE, J., NOT PARTICIPATING.

. Legacy is variously described as: (1) Legacy Holdings: (2) Legacy Holdings, Inc.; (3) Legacy Holdings, LLC; (4) Legacy Builders, Inc.; and (5) Legacy Builders, a sole proprietorship (formed after separation).

. These factors are specific to the case sub judice and are neither inclusive nor exclusive factors for consideration by a chancellor, but rather, the determination of exceptional conditions must be on a case-by-case basis.