FAIR, J.,
specially concurring:
¶ 12. The issue dividing the majority and dissent is whether there was a Hemsley-Ferguson-Armstrong[4] compliant treatment of military retirement benefits belonging to Joseph. Those benefits were being paid to him monthly, having matured from a dormant asset into a stream of income. For that reason I concur with the majority in recognizing that the treatment of such benefits by the chancellor was in accord with the intent of those three cases and their progeny.
¶ 13. The Supreme Court of Mississippi handed down Hemsley and Ferguson in July 1994, providing factors for consideration by chancellors in establishing and equitably dividing marital assets. In 1993, Armstrong had set out similar factor guidance for determining alimony. Later rulings have emphasized that these three cases govern financial relations — past, present, and future — of divorcing spouses, and should be considered together, with one receding in effect when another increases.
¶ 14. The first case recognizing the interdependency of those three “factor discussion” cases was handed down five months after Hemsley and Ferguson. In Johnson v. Johnson, 650 So.2d 1281 (Miss.1994), the supreme court introduced the concept of remedying, through alimony, a “deficit” in income and lifestyles between parties after equitable division of their *170 marital property and evaluation of their separate property, if any. A chancellor is required to first determine income from employment and from marital property and separate property. Then, if a deficit results, then the chancellor should award alimony in one or more of its three common forms (lump sum, rehabilitative, and periodic) to address the deficit. Overall fairness, equity, and especially finality un-dergird such treatment, with an emphasis in recent cases placed on avoidance, if at all possible, of continuing financial relationships between spouses (other than child support).
1115. The Uniformed Services Former Spouses’ Protection Act (USFSPA), cited in both the majority and the dissent, has been compared on occasion by the supreme court to the 1986 COBRA provisions under which a chancellor may divide marital ERISA qualified retirement plans (Tamra’s 401 (k), for instance) without tax consequence. However, Joseph’s military retirement, like Tamra’s PERS retirement, and all other government retirement programs, are exempt from the COBRA Act and its “Qualified Domestic Relations Orders” (QDRO). Military retirement has its own requirements for benefit distribution in divorce cases.
¶ 16. USFSPA allows only income streams from military retirement benefits to be awarded, prohibiting lump sum apportionment and limiting the total of all alimony and child support to 50% of the service member’s regular retirement income stream. Thus, the maximum benefit possible for Tamra under those restrictions is $267 monthly, which is half of Joseph’s $1,144 less $305 in agreed child support. Apportioning that amount to Tamra as payment, in installments, for her share of a property interest in Joseph’s retirement would raise her gross $4,100 per month to $4,867 and reduce Joseph’s to $1,330, further increasing the deficit that favors an award of alimony to Joseph.
¶ 17. We should formally recognize the difference between an ERISA plan and military retirement plans, and perhaps all retirement accounts actively paying monthly benefits which cannot be altered. For example, PERS contributions on early termination of employment, and 401(k) and IRA contributions at any time, may be withdrawn by a spouse at the time of divorce and are therefore still divisible, some through a QDRO without loss of tax-deferred status. On the other hand, a vested income stream that has commenced in a government plan is not, as the majority recognizes, divisible or payable in lump sum, and should be considered under the Armstrong alimony prong only.
¶ 18. Such treatment of an existing retirement income stream would be in accord with the view our supreme court takes of “good will” in business valuations,[5] likewise not a divisible asset readily convertible to cash but rather a source of monthly income to be considered in alimony determination only.
ROBERTS, J., JOINS THIS OPINION. GRIFFIS, P.J., MAXWELL AND JAMES, JJ., JOIN THIS OPINION IN PART.

. Hemsley v. Hemsley, 639 So.2d 909, 912-13 (Miss.1994); Ferguson v. Ferguson, 639 So.2d 921, 926 (Miss.1994); Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993).

. See Lewis v. Lewis, 54 So.3d 216, 218 (¶¶ 3-4) (Miss.2011); Singley v. Singley, 846 So.2d 1004, 1010-11 (¶¶ 17-18) (Miss.2002).