# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01493-COA

**TIMOTHY M. BENTON**                                                    **APPELLANT**

v.

**ELIZABETH A. BENTON**                                                  **APPELLEE**

DATE OF JUDGMENT:              04/08/2016
TRIAL JUDGE:                   HON. JENNIFER T. SCHLOEGEL
COURT FROM WHICH APPEALED:     HANCOCK COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:       MATTHEW THOMPSON
                               CHAD KENNETH KING
ATTORNEYS FOR APPELLEE:        GAIL D. NICHOLSON
                               GERALD C. PATCH
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   AFFIRMED - 01/23/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     The Chancery Court of Hancock County granted a divorce to Elizabeth A. Benton (Beth) and Timothy M. Benton (Tim).  Tim appeals, asserting the following issues: (1) the court erred in failing to value all material marital assets; (2) the court erred in failing to value the business, which resulted in an erroneous alimony award; and (3) these errors resulted in an erroneous child-support award.  Finding no error, we affirm.

FACTS

¶2.     Tim and Beth were married on or about February 10, 2000, in Pearl River County, Mississippi.  During the marriage, Tim provided the family's primary source of income

through operation of his businesses: Tim Benton Tree Service and Benton Green LLC. Beth occasionally assisted Tim with the businesses, but her primary duty was to care for their four children, all of whom were born of the marriage. Tim and Beth separated in September 2013. Beth filed her complaint for divorce on November 14, 2014, on the grounds of willful, continued, and obstinate constructive desertion for more than one year; habitual cruel and inhuman treatment; and, alternatively, irreconcilable differences. Tim was personally served with process, but he never filed any responsive pleadings to Beth's complaint.

¶3. On January 12, 2015, after a hearing which both Beth and Tim attended, the chancery court entered a temporary order granting joint legal custody of the children to Beth and Tim, physical custody of the children to Beth, and visitation to Tim. Additionally, the court ordered Tim to pay Beth temporary child support in the amount of $3,500 per month and temporary alimony in the amount of $1,500 per month. The parties were unable to produce their tax returns during the January 12, 2015 hearing, so the court reset the matter for February 18, 2015, with instructions that the parties provide their tax returns at that time. Further, the court instructed Tim to present any financial records reflecting the income and operating expenses derived from his businesses. Tim appeared at the February 18, 2015 hearing, represented by counsel, but again without the financial records of his business, so the matter was continued until April 6, 2015. Tim again failed to produce the requested financial records at the April 6, 2015 hearing, and the court allowed his attorney to withdraw.

¶4. The matter went to trial, during which Beth was represented by her attorney, while Tim proceeded pro se. Beth filed an 8.05 financial statement, but Tim failed to produce his.

2

He also failed to produce the other requested financial records. In the interim, between trial and the time at which final judgment was entered, Tim hired a new attorney. On August 10, 2015, Tim's attorney filed a motion to reopen the trial, maintaining that Tim had been "substantially unable to defend himself and aid in his defense." The court conducted a hearing on November 20, 2015, finding that Tim had been "given every opportunity" to file the requested financial documents, yet he had failed to do so. The court further remarked that Tim had failed to timely respond to discovery and was "dishonest when it came to providing the [c]ourt with the amount of money he was actually receiving." Ultimately, the court found that Tim had failed to act in good faith and denied his motion to reopen the trial.

¶5. On April 14, 2016, the chancery court entered its findings of fact and conclusions of law, wherein it granted Beth a divorce on the ground of habitual cruel and inhuman treatment. The court noted:

> Tim has not introduced any evidence as to the actual revenues of the business[es,] and [he] did not comply with the discovery requests of Beth's attorney to provide copies of all invoices and any and all documentation wherein it could be determined Tim's overhead with regard to the business[es]. Tim also introduced no evidence to show a value of the businesses.

The court further pointed out that Tim failed to request the appointment of a business-valuation expert.[1] As such, the court relied on Beth's 8.05 financial statement, as well as "invoices and bank statements obtained by Beth from the home," to make its findings. The court provided the following regarding Tim's businesses:

---

[1] During the November 20, 2015 hearing, the court noted that Beth had abandoned any claim to an interest in the businesses and, instead, wanted the court to consider them solely as a source of income for the purpose of determining Tim's adjusted gross income.

There exists a problem with regard to the businesses of the parties, with those being Tim Benton Tree Service and Benton Green, LLC. The [c]ourt has not been presented with a value of the businesses. There is no question that the businesses are a marital asset as there is no question from the testimony that both businesses were started during the marriage with marital funds and no outside funds. However, the [c]ourt cannot equitably divide property when there is no value established for the property. Beth's attorney had sought discovery with regard to the income and expenses of the business, but Tim never complied with the request. Courts have been reversed by equitably dividing property when no value has been established or insufficient evidence was supplied, or when the court attempted to establish a value based upon incomplete evidence. *See Johnston v. Johnston*, 722 So. 2d 453[, 460-61 (¶22)] (Miss. 1998); *Lewis v. Lewis*, 54 So. 3d 233[, 239-40 (¶¶19-22)] (Miss. Ct. App. 2009) [(reversed in part on other grounds by *Lewis v. Lewis*, 54 So. 3d 216, 219 (¶8) (Miss. 2011)]; and *Faerber v. Faerber*, 13 So. 3d 853[, 859-60 (¶25)] (Miss. Ct. App. 2009).

The [c]ourt can, however, consider the business[es] as . . . source[s] for the payment of alimony to Beth as a factor of being just and equitable pursuant to the *Armstrong* case.[2] This is due to the fact that the property cannot be value[d] due to the lack of an expert valuation and the fact that Tim is the principal operator of the business.

¶6. The court ultimately found Tim to have an adjusted gross income of $17,640.75 per month, on average. The court noted that the guidelines established by Mississippi Code Annotated section 43-19-101 (Rev. 2015) would require Tim to pay twenty-four percent of that amount in child support, amounting to a payment of $4,233.78 per month. However, the chancellor reduced that amount to $2,500 per month and required Tim to pay all tuition and expenses for the children's private schooling, all extracurricular expenses for the children, and all medical expenses not covered by the government-assistance program provided to Beth. The chancellor additionally ordered Tim to pay Beth permanent periodic alimony in the sum of $6,000 per month and to maintain life insurance in the amount of $250,000,

---

[2] *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993).

naming Beth as the beneficiary.

¶7.    On April 21, 2016, Tim's attorney filed a motion for a new trial. On June 7, 2016, the court conducted a hearing, wherein Tim's attorney again argued that Tim's lack of legal representation rendered him unable to adequately defend himself or present necessary evidence. Tim's attorney requested a new trial so that the court could conduct a proper business valuation based on the records prepared by his certified public accountant (CPA) since trial.

¶8.    On September 19, 2016, the court denied Tim's motion. The court found that Beth "did not seek a true offset in terms of property division," because she abandoned her request for any interest in the businesses and asked instead that the businesses be considered as part of Tim's gross income for child support and alimony purposes. The court further noted that appointment of a business-valuation expert would have been hardly beneficial, as there were no records that the expert could have examined. Finally, the court provided that "the burden lies at the feet of the litigants to provide the [c]ourt with sufficient evidence in which to value marital assets," and stated that "during the course of the litigation [Tim] was afforded ample opportunity and time on multiple occasions to provide supplemental evidence, which he did not do." Tim filed this timely appeal.

DISCUSSION

¶9.    "We review a chancellor's factual findings for abuse of discretion." *Lacoste v. Lacoste*, 197 So. 3d 897, 901 (¶6) (Miss. Ct. App. 2016) (citation omitted). "The findings of a chancellor will not be disturbed on review unless the chancellor was manifestly wrong

5

or clearly erroneous, or applied the wrong legal standard." *Id*. at 901-02 (¶6) (citation omitted). "Questions of law are reviewed de novo." *Id*. (citation omitted).

¶10.    Tim argues that the chancery court erred in failing to value all material marital assets, including Benton Tree Services, and in rendering decisions of alimony and child-support awards accordingly. In response, Beth argues that the court properly distributed the marital assets in light of the fact that Tim refused to comply with the court's orders to produce financial records. Thus, Beth maintains that the court's subsequent alimony and child-support awards were proper.

¶11.    The Mississippi Supreme Court has stated that "the foundational step to make an equitable distribution of marital assets is to determine the value of those assets based on competent proof." *Dunaway v. Dunaway*, 749 So. 2d 1112, 1118 (¶14) (Miss. Ct. App. 1999) (citing *Ferguson v. Ferguson*, 639 So. 2d 921, 929 (Miss. 1994)). "Nevertheless, it is incumbent upon the parties, and not the chancellor, to prepare evidence touching on matters pertinent to the issues to be tried." *Id*. "Where a party fails to provide accurate information, or cooperate in the valuation of assets, the chancellor is entitled to proceed on the best information available." *Stribling v. Stribling*, 906 So. 2d 863, 870 (¶25) (Miss. Ct. App. 2005) (citation omitted).

¶12.    Here, it is undisputed that the chancellor did not value Tim's businesses. However, we refuse to hold her in error because of a party's failure to cooperate in providing the necessary documents for proper valuation, and we reiterate the applicable caselaw set forth by the chancery court in its order denying Tim's motion for a new trial. *See Jenkins v.*

6

*Jenkins*, 67 So. 3d 5, 13 (¶21) (Miss. Ct. App. 2011) (declining to find a chancellor in error for failing to conduct a marital-property valuation where the parties failed to provide the relevant evidence); *Common v. Common*, 42 So. 3d 59, 63 (¶¶12-13) (Miss. Ct. App. 2010) (holding that a chancellor was not in error for valuing marital assets solely from the parties' 8.05 financial statements, because the parties failed to provide the necessary evidence, and further holding that the former husband could not "now complain that the chancellor's valuations [were] unfair when no reliable evidence of the value of the property was presented at trial"); *Dunaway*, 749 So. 2d at 1121 (¶28) (holding that, "[f]aced with proof that was far less than ideal, the chancellor made a valuation of the marital estate that finds some support in the record," and refusing to hold a chancellor in error due to the former husband's failure to produce evidence). It is this Court's opinion that the chancellor did the best she could with the little information presented to her, and that she did not abuse her discretion. Accordingly, we affirm.

¶13. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**